AUSTIN C. WIKOFF and LOUELLA WIKOFF, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wikoff v. Commissioner
Docket No. 10085-76.
United States Tax Court
T.C. Memo 1978-372; 1978 Tax Ct. Memo LEXIS 144; 37 T.C.M. (CCH) 1539; T.C.M. (RIA) 78372; September 18, 1978, Filed *144 Held: (1) The Federal income tax is constitutional; and (2) income must be reported in Federal Reserve notes, and the tax is imposed on the income so reported. Austin C. Wikoff, pro se. Charles W. Jeglikowski, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 2,097.00 in the petitioners' Federal income tax for 1975. The issues for decision are whether the Federal income tax is constitutional, and whether the petitioners must report their income in terms of Federal Reserve notes and pay a tax on the income so reported. FINDINGS OF FACT The petitioners, Austin C. Wikoff and Louella Wikoff, husband and wife, had their principal residence in Bakersfield, Calif., at the time of filing their petition herein. They filed a joint Federal income tax return for 1975. On schedule C of such return, the petitioners reported that they received a net profit of $ 15,843 from the operation of a business or profession. However, as adjusted gross income, they reported only $ 3,961 and computed their tax on that amount. In his notice of deficiency, the Commissioner accepted their *145 computation of net profit, but he determined that the net profit also constituted their adjusted gross income and recomputed their tax accordingly. OPINION The only issue framed by the notice of deficiency is whether the petitioners were entitled to report only one-fourth of the net profit as adjusted gross income. Mr. Wikoff contends that only gold and silver constitute legal tender in this country, that Federal Reserve notes are worth only one-quarter of their face amount in gold or silver, and that he is entitled to report his income in terms of what he considers to be the real value of the Federal Reserve notes and to compute a tax on such basis. This claim has been considered and rejected by the courts in innumerable cases. See Hatfield v. Commissioner,68 T.C. 895, 897 (1977), and the cases cited therein. It is well settled that Federal Reserve notes are legal tender, that for purposes of the Federal income tax, income must be reported in terms of such Federal Reserve notes, and that tax must be computed on the basis of the income so reported. At the trial, Mr. Wikoff also raised the issue of the constitutionality of the Federal income tax. He argues *146 that as a granduated direct tax on income, the Federal income tax statute was not within the intended scope of the 16th Amendment to the Constitution. According to him, the framers of the 16th Amendment envisioned an indirect excise tax on corporations, such as that contained in the Tariff Act of 1909. [1] Since the petitioner is an "individual sovereign citizen" and the Federal income tax is a direct, progressive tax, he claims not to be subject to such tax. It has long been settled that the Federal income tax is within the scope of the 16th Amendment and is constitutional. See, e.g., Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916); Stanton v. Baltic Mining Co., 240 U.S. 103 (1916); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without published opinion *147 559 F. 2d 1207 (3d Cir. 1977). The "whole purpose" of the 16th Amendment, as stated by the Supreme Court in Brushaber v. Union Pac. R.R. Co.,supra at 18, was "to relieve all income taxes when imposed from apportionment from a consideration of the source whence the income was derived." Thus, since the ratification of the 16th Amendment, it is immaterial, with respect to Federal income taxes, whether the tax is a direct or an indirect tax. Mr. Wikoff relied on the Supreme Court's decision in Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429 (1895), but the effect of that decision has been nullified by the enactment of the 16th Amendment. Brushaber v. Union Pac. R.R. Co.,supra.
At the time of the trial, the petitioners also submitted a motion to dismiss the case, but they have presented no grounds for doing so. Accordingly, such motion is denied, and we hold that the petitioners are liable for the deficiency determined by the Commissioner. An appropriate order will be issued, and decision will be entered for the respondent.
Footnotes
1. The Tariff Act of 1909, which provided in part for a corporate tax, was construed by the Supreme Court to enact not a direct tax on corporate income, but a uniform, indirect excise tax on the privilege of doing business in the corporate capacity, with the measure of the excise being the corporate income. Flint v. Stone Tracy Co., 220 U.S. 107↩ (1911).