HUGH J. CLIPPINGER and SHIRLEY CLIPPINGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clippinger v. Commissioner
Docket No. 8341-75.
United States Tax Court
T.C. Memo 1978-107; 1978 Tax Ct. Memo LEXIS 408; 37 T.C.M. (CCH) 484; T.C.M. (RIA) 780107; March 20, 1978, Filed Richard E. Wright, * for the petitioners. Andrew M. Winkler, for the respondent. *409 FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $1,380 in petitioners' Federal income tax for 1972. The issues for decision are whether petitioners are entitled to a deduction for alleged charitable contributions during 1972 and whether petitioner Hugh J. Clippinger (hereinafter referred to as petitioner) is entitled to deduct certain unsubstantiated expenditures as traveling expenses while away from home. FINDINGS OF FACT Some facts have been stipulated and are so found. Petitioner resided in Newark, Ohio, at the time the petition herein was filed. Petitioner and his wife filed a joint Federal income tax return for 1972 with the District Director of Internal Revenue, Cincinnati, Ohio. In 1972 petitioner was employed as a truck driver and, in addition, described himself as a minister. Petitioner's "church" was founded by him and his wife and allegedly operated in their home in 1972. The name of the purported religious organization was the "Christain Charities Church of Newark, Ohio." In 1972 this "church" was not incorporated in the State of Ohio or in any other state. It was not listed in the local telephone *410 directory, maintained no bank account, was not affiliated with any existing religious organization, and conducted no baptismal ceremonies, weddings, or other sacerdotal functions. Nor does the record contain any evidence regarding any doctrine of the church. Petitioner, and his wife, on their joint Federal tax return for 1972, listed the amount of $6,800 as contributions to the Christian Charities Church and listed the amount of $900 as a food expense incurred by petitioner while traveling away from home in pursuit of his business as a truck driver. Petitioner was represented by counsel and testified at trial. The only documentary evidence offered by petitioner in support of these deductions consisted of bookkeeping entries made by petitioner or at his direction, and a receipt for $6,800 signed by petitioner as director of the "Christian Charities Church." OPINION The first issue presented is whether petitioner and his wife made a $6,800 contribution during 1972 to an organization described in section 170(c)(2). [1]
Section 170(a) allows an individual *411 a deduction for "charitable contributions," as defined in section 170(c), the payment of which is made during the taxable year. Respondent maintains that petitioner has failed to substantiate any such contribution for 1972 and has further failed to establish that the "Christian Charities Church" is an organization described in section 170(c)(2). [2]
The questions of whether petitioner made an actual contribution to his *412 church and whether such church meets the requirements of section 170(c)(2) are factual ones, with respect to which the burden of proof is on petitioner. Welch v. Helvering,290 U.S. 111 (1933); see Moses v. Commissioner,T.C. Memo. 1973-72. Petitioner has failed to meet his burden of proof in every respect. The only evidence of any contribution to the "Christian Charities Church" by petitioner was the testimony of petitioner and his stepdaughter, supported by bookkeeping entries made by them and a receipt signed by petitioner on behalf of the Church. According to these witnesses, petitioner made periodic cash donations to the church which were then transferred back to petitioner as reimbursement for certain unsubstantiated ministerial expenses that he incurred. While this story itself appears suspicious, its plausibility is completely destroyed by the lack of credibility of the witnesses who presented it. A few examples will illustrate this point. A document that petitioner testified was signed by him in 1955 was actually signed sometime after 1974. Petitioner denied any connection with the preparation of a document entitled "Tired of Being *413 Ripped Off by Federal Income Taxes", when in fact the document was typed on his typewriter. [3] Petitioner's testimony regarding his loss of church records, subsequent to the filing of the petition herein, was equally unacceptable. Petitioner's stepdaughter experienced an almost complete loss of memory on cross-examination. In view of the foregoing, we are able to accept little, if any, of the testimony presented by petitioner and his stepdaughter. Since the only written corroboration of such testimony was prepared solely by them, we reject that also. Furthermore, it is clear from the record that the principal, if not the sole purpose of petitioner's efforts, was to establish an organization which would enable him to indirectly convert personal expenditures into Federal income tax deductions which would inure exclusively to the personal benefit of himself and his wife. Petitioner having failed to prove otherwise, the *414 contribution (assuming it was made) would nevertheless fail to qualify under section 170(c). See section 170(c)(2)(C); Ginsberg v. Commissioner,46 T.C. 47 (1966). We therefore hold for respondent on this point. The second issue presented concerns the deductibility of petitioner's alleged expenditures for meals while traveling away from home in the amount of $900.Not only did petitioner fail to introduce any evidence at trial to support the claimed deduction, but he also admitted that he was reimbursed for these very expenses. Petitioner is not entitled to deduct any portion of the claimed expenses for meals. Finally, we pause to comment upon this case. Each year thousands of taxpayers petition this Court to resolve legitimate differences between themselves and the Commissioner over the proper application of the tax laws to their factual situations. Resolution of those differences is unfortunately delayed many times due to frivolous cases such as this. While we support the right of taxpayers to freely petition this Court concerning matters within our jurisdiction, that right carries with it a responsibility. We recently remarked that where frivolous cases *415 are brought to this Court, consideration should be given to imposing damages under section 6673. Hatfield v. Commissioner,68 T.C. 895, 900 (1977). We believe this especially true where, as here, the taxpayer involved is represented by counsel and yet offers the Court no credible evidence or legal support for his position. [4] Because our decision in Hatfield was rendered subsequent to the trial in this case, we have decided not to impose damages under section 6673. However, if cases such as this persist, consideration will be given to imposing such damages in the future. Decision will be entered for the respondent. Footnotes
*. Recognized specifically for appearance at trial.↩
1. All statutory references are to the Internal Revenue Code of 1954, as amended, and in force during the year in issue.↩
2. sec. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS. (c) Charitable Contribution Defined.--For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of -- * * *
(2) A corporation, trust, or community chest, fund, or foundation-- * * *
(B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provision of atheletic facilities or equipment), or for the prevention of cruelty to children or animals; (C) no part of the net earnings of which inures to the benefit of any private shareholder or individual; and * * *↩
3. At trial, an employee of the United States Postal Inspection Service testified as to the origin and dates of various documents. The witness was qualified as an expert in the examination of the questioned documents, and his testimony was unchallenged.↩
4. We were somewhat surprised by respondent's failure to assert the negligence penalty provided by sec. 6653(a), I.R.C. 1954↩, in this case.