ARVIN D. AND BERTHA L. WALKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
WALKER v. COMMISSIONER
Docket No. 2191-77.
United States Tax Court
T.C. Memo 1978-493; 1978 Tax Ct. Memo LEXIS 23; 37 T.C.M. (CCH) 1851-15; December 12, 1978, Filed *23 Held: Despite a receipt signed by director of Christian Charities Church, there is no credible evidence that petitioner made an $8,500 cash contribution to the church or that the church was an organization qualified within the purview of sec. 170(c)(2). Arvin D. Walker, pro se. Andrew M. Winkler, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in income tax and an addition *24 to tax under section 6653(a) for petitioners' taxable year ended December 31, 1974 in the amounts of $2,232.23 and $111.61, respectively. Concessions by both parties have left the Court with two issues for decision: (1) Whether petitioners are entitled to a deduction in the amount of $8,500 for cash contributions purportedly made by petitioner Arvin Walker to the "Christian Charities Church" (hereinafter sometimes referred to as "Church"), and (2) whether petitioners are liable for the 5 percent addition to tax prescribed in section 6653(a), I.R.C. 1954. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and supplemental stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. At the time they filed their petition herein, Arvin D. and Bertha L. Walker, husband and wife, resided in Newark, Ohio. Petitioners timely filed a joint Federal income tax return for their taxable year ended December 31, 1974 with the district director of internal revenue at Cincinnati, Ohio. The statutory notice of deficiency herein was mailed to petitioners on December 14, 1976. Petitioners are *25 on a cash basis of accounting and utilize the calendar year as their tax accounting period. Bertha L. Walker is a party hereto solely by virtue of having filed jointly with her husband Arvin D. Walker. Hereinafter "petitioner" shall be used to refer to Arvin D. Walker. Petitioner reported a gross income in his taxable year ended December 31, 1974 of $26,424.90. Petitioner claimed a deduction from this gross income of $8,500 for contributions purportedly made to Church, in the person of one Hugh J. Clippinger (Clippinger), in 1974. These contributions were allegedly made in cash at various times and in various amounts throughout 1974.Petitioner could not remember the dates or amounts of any individual contributions, and he produced no records thereof at the hearing held herein. No one was ever present when petitioner gave Clippinger money, and petitioner never obtained any receipts for any individual gift. Petitioner did produce at the hearing herein a single, undated, receipt purporting to evidence the receipt by Clippinger from petitioner, on behalf of Church of $8,500. The receipt was signed by Clippinger as Church's "director." Petitioner never inquired of Clippinger what *26 he wanted the money for, or what he did with it once he got it. In 1974 Church used Clippinger's house as its meeting place. There were no regular meeting times at which the members of Church were supposed to congregate.Rather, "[Clippinger] just holds meetings almost any time." Petitioner testified that he usually went to Clippinger's house on Sundays, but he could not recall how many Sundays he went there in 1974. Petitioner's wife went to Clippinger's house on approximately three Sundays in 1974. While petitioner testified he attended meetings at Clippinger's house, he could not recall how big Clippinger's house was during that year. In 1974 Church was not incorporated in any state. It was not listed in the local telephone directory. Church conducted no baptismal ceremonies, weddings, or other sacerdotal functions in 1974. There is no evidence in the record with respect to any doctrine or belief that Church may expouse. OPINION Petitioner claimed a deduction of $8,500 for alleged contributions to the "Christian Charities Church." Petitioner's theory is simple. It hinges on two basic claims: that he actually made the claimed contributions and the contributions *27 were made to an organization described in section 170. [1] Petitioner has totally failed with respect to both claims. Whether petitioner actually made the claimed contributions to Church, and whether such organization *28 meets the requirements of section 170(c)(2), are questions of fact with respect to which petitioner has the burden of proof. Welch v. Helvering,290 U.S. 111, 115 (1933). Petitioner's evidence with respect to whether the contributions were actually made, and if so, the amounts thereof, is unconvincing. Both petitioner and his wife testified. Both were vague and exhibited a remarkable loss of memory with respect to the particulars of these alleged gifts. Petitioner could not remember when, how often, or the usual amounts of his gifts. He produced no evidence to support his claim except for his own testimony, and that of his wife and Clippinger. Petitioner's wife had no personal knowledge of any gifts to either Clippinger or Church, never having observed the making of such gifts. Clippinger's testimony was even less helpful to petitioner. We have once before dealt with Church and Clippinger. Clippinger v. Commissioner,T.C. Memo. 1978-107 (37 T.C.M. 484, 47 P-H Memo T.C. par. 78,107). In that case Clippinger himself was claiming a charitable gift deduction for alleged gifts made to Church in the calendar year 1972. Church was founded by Clippinger *29 and his wife sometime prior to 1972. The only documentary evidence offered by Clippinger in support of his claimed deduction was mere bookkeeping entries, and, as is the case here, a single receipt for the entire amount of the claimed deduction signed by Clippinger himself on behalf of Church and as Church's "director." We found in that case that Clippinger's evidence with respect to the existence and amounts of the contributions purportedly made by him to Church was unconvincing. We went on to find that: [It] is clear from the record that the principal, if not the sole purpose of petitioner's efforts, was to establish an organization which would enable him to indirectly convert personal expenditures into Federal income tax deductions which would inure exclusively to the personal benefit of himself and his wife. [Clippinger v. Commissioner,supra (37 T.C.M. at 485, 47 P-H Memo T.C. at p. 483).] We then concluded that Church failed to qualify as an organization described in section 170(c). Our opinion of both Clippinger and Church has not changed in the months since the Clippinger v. Commissioner,supra, decision. From all *30 the facts we cannot find that petitioner made any contributions within the meaning of section 170 to either Clippinger or Church in 1974. Further, we were presented with absolutely no credible evidence which would justify a finding that Church qualifies as an organization described in section 170(c)(2). It would appear, in fact, that Church is organized and operated merely as a tax scheme whose purpose, far from being religious, is to provide tax benefits to those who are willing to purchase deductions from Clippinger. If any money did change hands herein, it might well have been as payment to Clippinger in exchange for petitioner's use of Church as the vehicle through which they claimed a deduction to which they knew they were not entitled. This Court will not allow section 170 to be subverted by those who would twist it to their own private benefit--regardless of the scheme or artifice by which this is attempted. We next turn to respondent's claim for the 6653(a) addition to tax. [2] Petitioner introduced no evidence on this issue, either at the hearing held herein or on brief. Respondent's determination is presumptively correct. Petitioner has the burden of proving that *31 respondent's imposition of a negligence penalty was erroneous. Courtney v. Commissioner,28 T.C. 658, 669 (1957). Not only has petitioner failed to carry his burden on this issue, but the evidence affirmatively shows that petitioner is guilty of at least negligence in deducting gifts not made. Petitioner should consider himself fortunate that the Court has not seen fit, in this instance, to award damages to the United States under section 6673. [3] See, Clippinger v. Commissioner,supra.
*32 Decision will be entered for the Respondent.
Footnotes
1. In 1974, sec. 170 said in relevant part: SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS. (a) Allowance of Deduction.-- (1) General Rule.--There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary or his delegate. * * *
(c) Charitable Contribution Defined.--For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of-- * * *
(2) A corporation, trust, or community chest, fund, or foundation-- * * *
(B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes or for the prevention of cruelty to children or animals; (C) no part of the net earnings of which inures to the benefit of any private shareholder or individual * * *.↩
2. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations with Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. ↩
3. SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT MERELY FOR DELAY. Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary or his delegate and shall be collected as part of the tax.↩