TIMOTHY L. CALLOW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Callow v. Commissioner
Docket No. 9311-79.
United States Tax Court
T.C. Memo 1980-272; 1980 Tax Ct. Memo LEXIS 309; 40 T.C.M. (CCH) 750; T.C.M. (RIA) 80272; July 28, 1980, Filed Timothy L. Callow pro se. Benjamin deLuna, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This is a companion case of Michele A. Callow v. Commissioner, decided this same day, T.C.Memo. 1980-271. At the calendar call both taxpayers refused the Court's suggestion that the cases be consolidated for trial, briefing, and opinion, so the cases were submitted separately. Respondent *310 has determined the following deficiency in, and addition to, the petitioner's 1977 income tax: Addition to tax under
Deficiency
sec. 6651(a) [1]
sec. 6653(a)
$1,073
$268
$54
Timothy L. Callow, the petitioner herein, resided in Aurora, Colo., at the time of the filing of the petition in this case. For the taxable year 1977 petitioner filed with the Internal Revenue Service Center, Ogden, Utah, a form 1040. Petitioner entered the word "object" or "* *" in each line of the form 1040. Petitioner made no entry of filing status and reported no deductions or credits. He did, however, sign his name to the form. Petitioner refused to provide respondent with any books or records from which to determine his tax liability for the taxable year 1977. On April 10, 1979, respondent mailed to petitioner a notice of deficiency. By this letter, respondent determined that petitioner received as wages the amount $9,347 in 1977. This determination was based on information obtained from petitioner's employer. The deficiency *311 letter reflected a $1,073 deficiency in petitioner's income tax for 1977. The deficiency was based on a single-filing status, using as gross income the amount obtained from his employer. In his petition, petitioner did not raise any issues concerning the amounts of income and deductions used by respondent in his calculations. Instead, he made various assignments of error on constitutional grounds. At the calendar call of this Court on May 12, 1980, in Denver, Colo., the petitioner stated that he did not intend to present any evidence to rebut respondent's determinations, being content to rely solely on various constitutional objections to the imposition of tax. Respondent at that point moved for summary judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure. A written motion, together with an affidavit and exhibits attached thereto, was filed with this Court on May 15, 1980. On May 27, 1980, petitioner filed a motion to dismiss for lack of jurisdiction. Petitioner's answer to respondent's motion for summary judgment was also filed on May 27, 1980, which stated that this Court was without jurisdiction to decide respondent's motion. Respondent timely filed *312 an objection to petitioner's motion to dismiss on June 16, 1980.
This case is now before this Court on petitioner's motion to dismiss for lack of jurisdiction and respondent's motion for summary judgment. As petitioner's motion raises jurisdictional questions, we will consider it first. The gist of petitioner's argument is as follows. Under section 6211(a), a deficiency is defined as "the amount by which the tax imposed by Subtitle A * * * exceeds the excess of--* * * the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon." From this petitioner argues (1) there has been no determination that petitioner was required to file a return, (2) no return was in fact required to be filed, and (3) respondent has denied that a return has been filed; therefore, as no return has been, or was required to be, filed there can be no deficiency upon which to base our jurisdiction. See sec. 6214. These contentions are wholly without merit. For the reasons set forth in our opinion in Michele A. Callow v. Commissioner,T.C.Memo. 1980-271, petitioner's motion to dismiss for lack *313 of jurisdiction is denied. Turning next to respondent's motion for summary judgment, a motion for summary judgment shall be granted if the "pleadings, answers to interrogatories, depositions, admissions, and any other materials, together with affidavits, if any, show that there is no genuine issue as to any material fact and that decision may be rendered as a matter of law." Rule 121(b), Tax Court Rules of Practice and Procedure.
In view of petitioner's consistent failure to submit any information which would contradict respondent's factual determinations, we find no genuine issue of material fact remains in dispute; therefore, summary judgment is a proper procedure for disposition of this case. Petitioner's first argument is simply that the Internal Revenue Code is unconstitutional, his basic premise being that Congress was not granted the power under the Constitution to enact the Code. We invite petitioner's attention to Art. I, sec. 8, of the Constitution which gives Congress the "power to lay and collect taxes," the 16th Amendment to the Constitution which gives Congress the power "to lay and collect taxes on incomes, from whatever source derived, without apportionment, *314 " to Brushaber v. Union Pac. R.R.,240 U.S. 1 (1916), and to Penn Mutual Indemnity Co. v. Commissioner,32 T.C. 653 (1959), affd. 277 F.2d 16 (3d Cir. 1960). This reference, we believe, disposes of petitioner's argument. Petitioner next argues that Congress may not use criminal sanctions in a civil case. Apparently, this is in reference to the additions to tax sought by respondent under sections 6651(a) and 6653(a). Without deciding the merits of petitioner's basic premise, we say only that the additions to tax sought in this case are civil sanctions rather than criminal. Spies v. United States,317 U.S. 492 (1943). Thus, petitioner's argument is without merit. Finally, petitioner's constitutional arguments do not constitute reasonable cause for not filing income tax returns and do not relieve him of liability for the negligence additions to tax. Hatfield v. Commissioner,68 T.C. 895, 899 (1977); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without opinion 559 F.2d 1207 (3d Cir. 1977). There being no genuine issue as to any material fact on these issues, respondent's *315 motion is hereby granted. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the years at issue, unless otherwise indicated.↩