JAMES BLISS COOMBS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 47782, 49297.   Promulgated August 22, 1933.

*Harvey L. Rabbitt, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: Deficiencies in the petitioner's individual income taxes for 1926 of $19,912.53, and 1927 of $13,371.48, are assailed by the petitioner in these two proceedings. The petitioner made his returns on the basis of cash receipts and disbursements. In 1926 he deducted as a loss an amount of $157,024.01, which was the unpaid balance of a syndicate subscription which he had made several years earlier and for the recovery of which suit was instituted against him in 1926, which he defended on the ground of no liability and which remained pending and undecided throughout the year 1927. The Commissioner disallowed the deduction on the ground that no loss was sustained by him in 1926 and that there was consequently no deduction for that year and no net loss which could to any extent be carried over into 1927.

The facts were orally stated at the trial and agreed upon, and no evidence was introduced. No briefs or oral argument were submitted.

The respondent's disallowance was obviously correct, and an examination of the entire record, beginning with the original petitions with the appended notices of deficiency, to and including the expiration of the time requested by petitioner in which to file a brief, leaves no reasonable doubt that the petitions were frivolous and that the proceedings have been instituted by the taxpayer merely for delay. Under such circumstances it is provided by section 911, Revenue Act of 1924, as amended by section 1000, Revenue Act of 1926,[1] that damages in an amount not in excess of $500 for each case

---

[1] FRIVOLOUS APPEALS TO BOARD

SEC. 911. Whenever it appears to the Board that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Board in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax.

shall be awarded to the United States by the Board in its decision. This provision was, as appears from the House Ways and Means Committee Report and the Senate Finance Committee Report upon the Revenue Act of 1926, patterned after R.S. sec. 1010 (28 U.S.C.A. sec. 878). The maximum damages of $500 in each case amount to approximately 3 percent of the deficiencies, and such amount is hereby awarded.

> *Judgment in favor of the respondent for the full amount of the deficiency plus $500 in each case will be entered.*