JACK F. ROSS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ross v. Comm'r
Docket No. 9424-77. United States Tax Court
T.C. Memo 1978-203; 1978 Tax Ct. Memo LEXIS 312; 37 T.C.M. (CCH) 864; T.C.M. (RIA) 780203; June 1, 1978, Filed Jack F. Ross, pro se. Chris Ray and Albert L. Sandlin, Jr., for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, *313 Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion for Summary Judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: Respondent determined deficiencies in petitioner's Federal income taxes, and additions to taxes, as follows: Additions to Tax Year
Deficiency
Sec. 6651(a) [2]
Sec. 6653(a)
Sec. 6654
1974
$1,581.39 $
$ 79.07 $
1975
2,477.70
619.42
123.89
79.28
*314 The procedural sequence of events resulting in the instant case began with the mailing of the notice of deficiency to petitioner on June 6, 1977. On September 8, 1977, petitioner timely filed his petition with this Court, in response to which respondent timely filed his answer on October 20, 1977. The petition was received in an envelope bearing a clearly legible U.S. postmark stamp date thereon of "Sep 3 1977". Thus, it was timely filed pursuant to section 7502. On February 2, 1978, respondent filed a Motion for Summary Judgment and Memorandum in Support thereof.A copy of those documents was served upon petitioner on February 3, 1978, together with the Court's notice advising that respondent's motion had been set for hearing on March 22, 1978. On February 10, 1978, petitioner filed a "Demand for Jury Trial for All Issues", which was denied on February 13, 1978. Thereafter, on March 8, 1978, and March 24, 1978, respectively, he filed an "Opposing Response to Request for Summary Judgment" and a "Statement", both of which have been considered in our resolution of the matter pending before us. Petitioner, who owned and operated a restaurant during 1974 and 1975, resided *315 in Ringgold, Georgia, at the time his petition herein was filed. He filed a Federal income tax return for 1974 with the Internal Revenue Service Center, Chamblee, Georgia, reflecting a loss of $2,684.70. He did not file a Federal income tax return for 1975. The 1974 return disclosed a self-employment tax due of $979.87, which is not included in the $1,581.39 income tax deficiency listed above. For each year at issue respondent determined that petitioner had unreported adjusted gross income through utilization of the source and application of funds method. That method was used due to the absence of adequate books and records reflecting petitioner's income and expenses. Petitioner's taxable income as determined by respondent is: Year
Taxable Income
1974
$5,327.95
1975
8,016.54
In paragraph 4 of the petition it is alleged that respondent erred in his determination of the deficiencies in tax and additions to tax for the following reasons: (a) The determination was willful, wanton, malicious, and intentional, all in violation of petitioner's rights secured by the U.S. Constitution, the Declaration of Independence, the Magna Carta, the Northwest *316 Ordinance, and the common law. (b) The disallowance of expenses in excess of income is arbitrary and a direct result of the agent's malice, incompetence, ignorance, and prejudice against petitioner. (c) Petitioner did not earn sufficient income in "dollars" to warrant the amounts determined by respondent. (d) The statute of limitations is a complete defense as to any tax or penalties for any year over six years old. (e) Affirmative defenses asserted by petitioner, namely, the statute of frauds, laches, estoppel, waiver, failure of jurisdiction over petitioner and the subject matter, accord and satisfaction and reliance on prior notifications of the I.R.S. stating "No Tax Due". Proceeding on to paragraph 5 of the petition, we are advised of the facts upon which petitioner relies to sustain the allegations of error described above. They are: 1. Petitioner does not waive his constitutional rights guaranteed by Article 1 of the U.S. Constitution, as more fully set forth in the Bill of Rights and, further, those rights will not be waived in order to be in obedience to unconstitutional administrative laws, rules, a number of statutory provisions and "the entire *317 Internal Revenue Code and others". 2. Doctrines derived from various enumerated statutes are completely unconstitutional and, thus, violate petitioner's constitutional rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Thirteenth Amendments to the U.S. Constitution. 3. Petitioner's claims are based upon the Bible, the U.S. Constitution, the Bill of Rights, the Declaration of Independence, the Magna Carta, the Northwest Ordinance, the Constitution of the State of Georgia, the common law, the Declaration of Resolves, the Federalist Papers, the Mayflower Compact, the Articles of Confederation of 1778, and the Declaration of Rights of 1765 and 1774. 4. Respondent has the burden of proof with respect to the adjustments in the notice of deficiency. 5. Respondent and/or his agents have violated the Administrative Procedure Act and section 7214. 6. Petitioner is entitled to a jury trial and damages against respondent in the amount of five million dollars general damages and five million dollars punitive damages payable in gold and silver coin. 7. Petitioner demands that he be given "counsel of his choice", not a member of any licensed "Bar *318 Association" and licensed by no one but himself to speak for him as guaranteed by the First Amendment to the U.S. Constitution. Attached to the petition is the original notice of deficiency with attached statement and schedules, copies of a newspaper article, copies of various letters and a copy of an amended U.S. Individual Income Tax Return for 1974 in which the following entries appear on the lines designated Income and Deductions, Tax Liability and Payments and Credits - "Not Sure" and/or "00". It is clear that the multitude of constitutional, legal, economic, and moral arguments advanced by petitioner in support of his position are frivolous and without merit. Virtually every contention raised by petitioner in the papers he has filed with this Court has been fully discussed (adversely to petitioner's contentions) in numerous prior opinions of this and other courts. On this very point, which is equally pertinent to this case, in Hatfield v. Commissioner,68 T.C. 895 (1977), we had this to say-- In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the *319 purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. In the absence of adequate books and records it is well established that respondent has the authority to compute the income of a taxpayer by whatever method, in the opinion of the Secretary or his delegate, clearly reflects income. Sec. 446(b). He has done so in this case by the source and application of funds method of reconstructing income which is an acceptable method. Vassallo v. Commissioner,23 T.C. 656 (1955). There is no issue in this case on which the burden of proof is placed by statute or by the rules of this Court upon respondent. Hence, petitioner has the burden of proof with respect to the determined deficiencies. Rule 142(a), Tax Court *320 Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). Petitioner's contention with respect to the statute of limitations is baseless. His 1974 Federal income tax return was apparently untimely filed. That return was due to be filed on or before April 15, 1975. Respondent's notice of deficiency was mailed to petitioner on June 6, 1977, well within the three-year period provided by section 6501. Since no return was filed for 1975, the statute of limitations for that year is still open. There is no genuine issue as to any material fact present in this case. Rule 121, Tax Court Rules of Practice and Procedure.
Accordingly, since petitioner raises neither a valid legal objection to respondent's determination of the deficiencies in income taxes and additions to the tax nor a proper factual question, respondent's motion for summary judgment will be granted.
An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial Motion for Summary Judgment and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing on March 22, 1978.
2. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise specified.↩