FRANK C. McKENNEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McKenney v. Commissioner
Docket No. 11115-77.
United States Tax Court
T.C. Memo 1979-170; 1979 Tax Ct. Memo LEXIS 359; 38 T.C.M. (CCH) 726; T.C.M. (RIA) 79170; April 30, 1979, Filed *359 Petitioner filed a return but did not fill it out, claiming that his earnings were not statutory dollars and objecting to portions of the return based on the 1st, 4th, 5th, 7th, 8th, 9th, 10th, 13th, 14th, and 16th amendments to the Constitution. We granted respondent's motion for summary judgment, holding, as a matter of law, petitioner's contention with respect to those issues were totally without merit. Held: Respondent's deficiency determination sustained. Held, further: Imposition of the penalties of sections 6651(a)(1) and 6653(a), I.R.C. 1954, upheld. Hatfield v. Commissioner,68 T.C. 895 (1977) followed . Frank C. McKenney, pro se. Stanley H. Smith, for the respondent. IRWIN
MEMORANDUM OPINION IRWIN, Judge: The respondent determined a deficiency in petitioner's income tax for the taxable year 1975 in the amount of $2,200. He also determined additions to tax under sections 6651(a)(1) and 6653(a) [1] in the amounts of $173.24 and $110, respectively. All of the facts have been stipulated. The stipulation of facts, along with the attached exhibit, are incorporated herein by this reference. Petitioner, Frank C. McKenney, resided in Clarkston, Georgia at the time of filing his petition herein. He filed his return for the calendar year 1975 with the Internal Revenue Service Center, Chamolee, Georgia. Although petitioner was married at the end of 1975, he filed a separate return for the year. During the taxable year 1975, petitioner was employed by Cars International of Georgia, Inc., from which he earned $10,183 and Tabor Pontiac, Inc. *361 , from which he earned $1,640.15, From these earnings, Federal tax in the respective amounts of $1,282.40 and $224.64 was withheld. Petitioner filed a return for 1975 in which he reported "$740Under" income based on his contention that his earnings did not constitute statutory (lawful) dollars. He also did not fill out certain portions of the return, objecting to those portions based on the 1st, 4th, 5th, 7th, 8th, 9th, 10th, 13th, 14th, and 16th amendments to the Constitution. At trial, we granted respondent's motion for partial summary judgment, pursuant to the provisions of Rule 121, Tax Court Rules of Practice and Procedure, on all legal issues in controversy relating to petitioner's assignment of errors based on the constitutional issues and the issue concerning whether petitioner's earnings constituted statutory (lawful) dollars. Having removed these contentions from controversy, and petitioner having raised no others, we sustain respondent's determination as to the amount of deficiency. We must now determine whether respondent properly imposed the section 6651(a)(1) penalty for failure to file where petitioner's failure was based upon the constitutional and statutory dollar *362 objections on which we granted respondent's motion for summary judgment and whether respondent properly imposed the section 6653(a) penalty for negligent or intentional disregard of the rules and regulations. In the case of Hatfield v. Commissioner,68 T.C. 895 (1977), we dealt with contentions similar to, if not identical with, those raised by petitioner here. In Hatfield, the taxpayer filed a return on which she wrote "Object Self Incrimination", and on which she reported no income and showed no tax liability. Additionally, she asserted that Federal Reserve notes are not income when received but only at such time as they are paid because they represent an account receivable from the government. After dismissing her contentions, we had to deal with the issue of whether respondent had properly imposed the section 6651(a) and 6653(a) penalties. As to the imposition of the section 6651(a) penalty, we stated "[the] law is well established that a Form 1040 which discloses no information relating to a taxpayer's income and deductions does not constitute a 'return' within the meaning of section 6012." Hatfield,supra at 898. Thus, it is *363 clear that based on the holding in Hatfield, petitioner here did not file a return and imposition of the section 6651(a) penalty was proper. Hatfield,supra at 898 fn. 2. We also hold that imposition of the section 6653(a) penalty was proper. The respondent's determination of negligence is presumptively correct and the burden is on the taxpayer to rebut this presumption. Rule 142(a), Tax Court Rules of Practice and Procedure. Since petitioner introduced no evidence to rebut this presumption, we must sustain respondent's determination. Hatfield,supra at 898. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year at issue.↩