JOSEPH J. BIRKENSTOCK AND GENEROSE M. BIRKENSTOCK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Birkenstock v. Commissioner
Docket No. 4499-78.
United States Tax Court
T.C. Memo 1979-201; 1979 Tax Ct. Memo LEXIS 327; 38 T.C.M. (CCH) 840; T.C.M. (RIA) 79201; May 21, 1979, Filed *327 Joseph W. Weigel, for the petitioners. Rogelio A. Villageliu, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: On March 5, 1979, respondent filed a Motion for Partial Summary Judgment in this case. All other issues having been settled by the parties, the sole question is whether petitioners are entitled to reduce their gross income to "its alleged gold value" for purposes of reporting their 1974 income. All of the facts have been stipulated. At the time they filed their petition, petitioners were residents of Manitowoc, Wisconsin. Petitioner's taxable income for 1974 was $35,184.82. On their return, petitioners computed their taxable income to be "( S$ )9,316.42," which was their income's alleged gold value. Petitioners' computation of the gold value of their taxable income was as follows: Step
Conversion
1
$1.00 = 1/42.22 ounce of gold.
2
$42.22 = 1 ounce of gold.
3
$159.45 is the alleged average price of 1 ounce
of gold in the Daily (London) Gold Price Final
Fixing 1974 for the 52 petitioners' weekly pay-
days during the year 1974, per attachment to
return.
4
$35,184.82 (taxable income) X $42.22/1 ounce of
gold X 1 ounce of gold/$159.45 equal taxable
income in its alleged gold value.
5
$35,184.82 X $42.22/$159.45 = $9,316.42 taxable
income converted into its alleged gold value or,
in petitioners' nomenclature, "( S$ )9,316.42
statutory dollars."
*328 In the statutory notice, respondent determined that petitioners' gold valuation method of computing taxable income was not allowable, and that petitioners' taxable income in 1974 was $35,184.82 (rounded to $35,185). Petitioners contend that respondent's determination is arbitrary and deprives petitioners of their constitutional rights. Petitioners also contend that respondent must bear the burden of proof. In his motion for partial summary judgment, respondent contends that petitioners position is meritless, and we agree. We have rejected on numerous occasions petitioners' constitutional allegations. Hatfield v. Commissioner,68 T.C. 895 (1977); Gajewski v. Commissioner,67 T.C. 181 (1976), affd. without published opinion, 578 F. 2d 1383 (8th Cir. 1978); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without published opinion, 559 F. 2d 1207 (3d Cir. 1977). As to petitioners' contention that they are entitled to reduce their gross income to its alleged gold value, we specifically addressed and rejected this argument on nearly identical facts in Sibla v. Commissioner,68 T.C. 422 (1977), *329 on appeal (9th Cir. Dec. 28, 1977). It is equally well settled that petitioners bear the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioners, too, must pay their taxes. Accordingly, since they have raised neither a valid legal objection to respondent's determination nor a factual question, respondent's motion is granted. To reflect concessions, Decision will be entered under Rule 155.