OSCAR MUNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Munson v. Commissioner
Docket No. 6469-78.
United States Tax Court
T.C. Memo 1980-167; 1980 Tax Ct. Memo LEXIS 413; 40 T.C.M. (CCH) 326; T.C.M. (RIA) 80167; May 12, 1980, Filed *413 Held, interest and miscellaneous income includable in petitioner's gross income for 1975. Oscar Munson, pro se. Mark A. Pridgeon, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $285 in petitioner's 1975 Federal income tax. The sole issue for decision is whether interest and miscellaneous income credited to and received by petitioner in 1975 is includable in his gross income for that year. FINDINGS OF FACT Most of the facts have been stipulated and are found accordingly. Petitioner Oscar Munson resided in Barnum, Minnesota, when he filed his 1975 Federal income tax return and when he filed his petition in this case. *414 During 1975, interest was credited to petitioner's accounts with the following four institutions in amounts as follows: Name of Institution
Account Number
Interest Credited
First State Savings & Loan
01025525
$162.00
of Watertown, Wisconsin
Mishawaka Federal Savings &
0000021213
194.00
Loan Association of
Chicago, Illinois
State Bank of Barnum,
0000007447
139.00
Barnum, Minnesota
First Wisconsin National
0001016952
18.00
Bank of Eau Claire, Eau
$513.00
Claire, Wisconsin
During 1975, petitioner received a lump sum distribution in the amount of $437.00 from the St. LouisUnion Trust Company, Chicago, Illinois. Petitioner failed to report the interest credited to his accounts and the lump sum distribution, a total of $950, on his 1975 return. In the notice of deficiency, respondent increased petitioner's income by that amount. OPINION Section 61(a) [1] defines gross income as all income from whatever source derived. Section 61(a)(4) specifically defines interest as gross income. Respondent contends that petitioner is required to include in his *415 gross income for 1975 both the $513 in interest credited to his bank and savings and loan association accounts in 1975 and the $437 lump sum distribution received from St. Louis Union Trust Company in 1975. Petitioner does not contest or deny receiving such amounts and, indeed, stipulated that he had received those amounts. He simply argues that he should not be taxed on those amounts because, due to inflation, he needs the interest from his savings to supplement the social security checks he will be receiving when he becomes 62 years of age. On the basis of his testimony at trial, we are not convinced petitioner seriously believes he is entitled to exclude the amounts at issue from his gross income, but rather failed to report such amounts merely to protest taxation of interest on savings accounts as unduly burdensome. [2] Moreover, petitioner has not established either by reference to a specific provision in the Code or by the introduction of evidence that the entire lump sum distribution received from the St. Louis Union Trust Company is not includable in gross income pursuant to section 61(a).While we can sympathize with petitioner's situation, this Court has noted that "General *416 grievances against the policies of the Goverment, or against the tax system as a whole, are not types of controversies to be resolved in the courts; Congress is the appropriate body to which such matters should be referred." Hatfield v. Commissioner,68 T.C. 895, 899 (1977). Since the amounts at issue are clearly income to petitioner and should have been reported as such, we must hold for respondent. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. That burden has been obviously recognized by Congress. As part of the Crude Oil Windfall Profit Tax Act of 1980, Pub. L. 96-223, 94 Stat. 229, Congress has amended sec. 116, I.R.C. 1954↩, and provided for a partial exclusion from gross income of interest received by individuals. See H. Rept. No. 96-817 (1980).