HARLAND W. FRENCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
French v. Commissioner
Docket No. 7485-78.
United States Tax Court
T.C. Memo 1981-9; 1981 Tax Ct. Memo LEXIS 736; 41 T.C.M. (CCH) 699; T.C.M. (RIA) 81009; January 6, 1981
Harland W. French, pro se. Robert Fowler, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: This case is before the Court on petitioner's and respondent's motions for summary judgment filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure.
Respondent, in his notice of deficiency issued to petitioner and his wife, determined deficiencies and an addition to tax for negligence as follows: Addition to Tax
Year
Deficiency
under sec. 6653(a) [1]
1972
$ 187.51 [2]
$ 0
1974
22,499.28
1,124.96
Petitioner resided in Moville, Iowa, at the time he filed his petition in this case. Petitioner and his wife, Darlene M. French, [3] filed joint Federal income tax returns in 1972 and 1974. *738 Respondent's deficiency is based primarily upon petitioner's failure to substantiate expenses, deductions, cost bases and credits, and on the assessment of a self-employment tax. Petitioner in his petition raises a plethora of constitutional and statutory arguments and affirmative defenses, a claim for a $ 5,000,000 judgment against respondent and his agents under section 7214, [4] and a claim that the statute of limitations bars respondent from making the assessment proposed in the statutory notice. In his motion for summary judgment and accompanying memorandum, petitioner requests that we dismiss this case with prejudice against respondent. Petitioner relies on constitutional and other arguments. Respondent's motion for summary *739 judgment and accompanying memorandum alleges that the petition does not contain assignments of error directed to specific items in the deficiency notice and does not contain allegations of fact which establish that petitioner is entitled to items disallowed in the notice of deficiency, that this Court lacks jurisdiction to award petitioner damages under section 7214, and that the statute of limitations does not bar respondent's assessment contained in his statutory notice. Rule 121, Tax Court Rules of Practice and Procedure, provides that summary judgment shall "be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." In light of the entire record, including a transcript of a hearing on the summary judgment motions held on September 30, 1980, in Des Moines, we grant respondent's motion for summary judgment had deny petitioner's motion for summary judgment. The multitude of constitutional and statutory arguments and affirmative defenses advanced by petitioner are *740 frivolous and without merit. All such contentions have been fully considered by this and other courts, and decided adversely to the taxpayers. [5]
This Court lacks jurisdiction to award punitive damages to petitioner of $ 5,000,000 under section 7214. Sec. 7442. Petitioner's assertion that the statute of limitations bars assessment of either the 1972 proposed deficiency or the 1974 proposed deficiency and addition to tax for negligence is without merit. Section 6501(a) provides generally for a three-year statute of limitations for the assessment of any tax, which period commences with the filing of the return. For purposes of section 6501, a return filed prior to the last day prescribed for the filing thereof is considered filed on such last day. Petitioner's 1974 return was due on or before April 15, 1975. Sec. 6072. Respondent mailed his deficiency notice on April 3, 1978, within the period of limitations provided *741 by section 6501(a) for 1974. The issuance of the statutory notice suspends the running of the period of limitations. Sec. 6503. In addition, since the 1972 deficiency is attributable to an investment credit carryback from 1974 and respondent is within the statute of limitations for assessing the proposed deficiency for 1974, and 1972 proposed deficiency is not barred by the statute of limitations. Secs. 6501(j) and (m). Petitioner has not assigned any errors with respect to the substantive adjustments or the addition to tax for negligence, [6] nor has petitioner alleged any facts to show that respondent erred in making the adjustments. Hence respondent has established that there is no genuine issue as to any material fact. Respondent's motion for summary judgment is granted and petitioner's motion for summary judgment is denied.
An appropriate *742 order and decision will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue. ↩
2. The 1972 deficiency is attributable to a claimed investment credit carryback of $ 187.51 from 1974.↩
3. Darlene M. French, although named as a taxpayer on respondent's statutory notice, is not a party in this action.↩
4. Section 7214 provides that any officer or employee of the United States convicted of certain criminal acts in connection with any revenue law of the United States may be dismissed from office or discharged from his employment and fined not more than $ 10,000, or imprisoned not more than 5 years, or both. Section 7214 also provides for damages against such officer or employee in favor of the party injured by such officer's or employee's actions.↩
5. See the exhaustive list of cases cited in Bowser v. Commissioner, T.C. Memo. 1980-483 (1980); Hergott v. Commissioner, T.C. Memo. 1980-283 (1980); Brobeck v. Commissioner, T.C. Memo. 1980-239↩ (1980).
6. The burden of proof is on petitioner to show that no part of the underpayment for 1974 was due to negligence. Bixby v. Commissioner, 58 T.C. 757, 791 (1972). None of petitioner's arguments relieve him of liability for the negligence penalty. Hatfield v. Commissioner, 68 T.C. 895, 898↩ (1977).