CHARLES FRANCIS CUNNINGHAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cunningham v. Commissioner
Docket No. 15711-79.
United States Tax Court
T.C. Memo 1981-365; 1981 Tax Ct. Memo LEXIS 380; 42 T.C.M. (CCH) 398; T.C.M. (RIA) 81365; July 14, 1981. *380 Charles Francis Cunningham, pro se. Laurence D. Ziegler, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in petitioner's Federal income tax for 1976 in the amount of $ 1,413, and addition to tax, pursuant to section 6653(a), [1] for 1976, in the amount of $ 70.65. [2] The issues for decision are: (1) whether petitioner failed to report certain interest and dividend income on his return for 1976; and (2) whether he is liable for an addition to tax, pursuant to section 6653(a) for that year. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in Brooklyn, New York, at the time the *381 petition herein was filed. He timely filed his 1976 Federal income tax return with the appropriate office of the Internal Revenue Service. During 1976 petitioner was employed as an auditor for an insurance company. His income for 1976 was supplemented by interest from no less than 35 bank accounts and by dividends from 23 corporations in which he held stock. His total interest and dividend income for the year was $ 4,655 and $ 2,849, respectively. On his 1976 return petitioner reported total interest income of approximately $ 1,424, and total dividend income of $ 1,822 (less an exclusion of $ 100). Respondent has determined that petitioner failed to report $ 4,358 of such income and that this was due to negligence or intentional disregard of the rules and regulations. OPINION Petitioner contends that he need not report all of his interest or dividend income because inflation has substantially reduced his real income from these sources. [3] His position is that the Sixteenth Amendment to the Constitution allows the taxation of real, not nominal, income. On numerous occasions we have had the opportunity to address and reject similar frivolous constitutional claims relating *382 to the reduction of income due to the decreasing value of the dollar. Hatfield v. Commissioner, 68 T.C. 895 (1977); Silba v. Commissioner, 68 T.C. 422 (1977); Gajewski v. Commissioner, 67 T.C. 181 (1976); Cupp v. Commissioner, 65 T.C. 68 (1975). [4] Thus, we reject the petitioner's constitutional assertions. The only remaining issue to be decided is whether petitioner *383 is liable for an addition to tax under section 6653(a). That section imposes a penalty whenever an underpayment is due to negligence or intentional disregard of the rules and regulations. In the instant case petitioner was an auditing accountant. He testified that prior to preparing his 1976 return he received a Form 1099 showing the amount of his interest and dividend income from each of the payors thereof. Moreover, he stipulated that he received the amount of dollars asserted by respondent. He also testified that he relied on no actual computations in deciding how much income to exclude, but was merely "very liberal about this thing." Finally, he had not reported all of his interest and dividend income in 1975, which omission was challanged by the Commissioner. On the basis of these facts, we believe that petitioner was well aware that he was not entitled to the contested exclusions at issue herein. Respondent's determination under section 6653(a) must therefore be sustained. Accordingly, in order to give effect to the stipulated figures, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue. ↩
2. Respondent's statutory notice asserted a deficiency in the amount of $ 1,467 and an addition to tax in the amount of $ 73.35. The parties have stipulated that the amounts as shown in the statutory notice are erroneous and that the correct amounts should be $ 1,413 and $ 70.65, respectively.↩
3. Petitioner offered into evidence the consumer price index for 1976 indicating that inflation that year was 5.8%. He testified that he did not have these figures when he prepared his 1976 income tax return, but he said he was "very liberal" about the amount of unearned income he reported. It remains a mystery, however, why petitioner chose to report only 31% of his interest income and 64% of his dividend income.↩
4. See also Birkenstock v. Commissioner, T.C. Memo. 1979-201; Seigler v. Commissioner, T.C. Memo. 1979-326; Smith v. Commissioner, T.C. Memo. 1979-157; Crossland v. Commissioner, T.C. Memo. 1976-59; Milkowski v. Commissioner, T.C. Memo. 1981-225↩.