WILLIAM SINGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Singer v. Commissioner
Docket No. 21553-81.
United States Tax Court
T.C. Memo 1982-705; 1982 Tax Ct. Memo LEXIS 37; 45 T.C.M. (CCH) 275; T.C.M. (RIA) 82705; December 6, 1982. William Singer, pro se. William L. Autman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge John J. Pajak pursuant to the provisions of of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts the Special Trial Judge's Opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $648.00. The issues for determination are: (1) whether petitioner has met his burden of proving that respondent's *38 determination is incorrect; and (2) whether respondent's Motion to Dismiss for Lack of Prosecution should be granted under Rule 123. There is no stipulation of facts because petitioner refused to stipulate as is required by Rule 91. [1] Petitioner resided in Penndel, Pennsylvania, when his petition in this case was filed. Respondent determined that petitioner failed to report $1,399.00 of dividend income, $1,213.00 of interest income, and $1.00 of taxable wages, and that petitioner was not entitled to a $100.00 dividend exclusion for his spouse. Respondent also made an automatic adjustment to petitioner's medical expense deduction and corrected a mathematical error on petitioner's 1978 return. Petitioner contested the entire amount of the deficiency. At the calendar call, petitioner filed an untimely motion for summary judgment. Rule 121. Petitioner's motion was based on a June 28, 1982 notice of assessment from respondent stating that petioner owed no tax for the year in question. The Court repeatedly explained to petitioner that the June 28, 1982 notice was merely reversing a prior *39 erroneous assessment and that it did not affect the validity of the underlying notice of deficiency. The motion for summary judgment was denied. When the case was called for trial, respondent appeared by his counsel and petitioner appeared on his own behalf. Respondent was prepared to go forth with the trial. At the inception of the trial, counsel for respondent made an opening statement. He was continuously interrupted by petitioner's meritless objections, requiring repeated admonishments from the Court. At the end of respondent's statement, the Court requested that petitioner be sworn in so that he could testify on his own behalf. Petitioner refused to be sworn in. Petitioner was informed by the Court that under the doctrine set forth in Welch v. Helvering,290 U.S. 111 (1933) and under Rule 142(a), he must prove that respondent's determination is incorrect. Instead of heeding the Court's advice, offered numerous times, petitioner chose to present a number of specious and meaningless arguments while not under oath. Petitioner submitted a copy of Form 1040X-Amended U.S. Individual Income Tax Return which he had attempted to file with respondent on *40 November 18, 1981. This form does not help petitioner prove that respondent's determination is incorrect. The purpose of the form apparently was to claim a refund of all taxes paid by petitioner and his wife for the years 1976, 1977, and 1978. Petitioner stated on the form that: "It has come to my attention that I have erroneously filed forms for the last three years in which each year I actually had no income. I have since learned that compensation for labor according to the sixteenth amendment, is not taxable since it is not income. Only income from the source is taxable and since I took a loss on my property last year, there also is no income." His statement is patently incorrect. Section 61 [2] very broadly defines gross income as "all income from whatever source derived." Any accession to wealth which is clearly realized is taxable, regardless of its source. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). See also, Graf v. Commissioner,T.C. Memo. 1982-317. We gave petitioner time after the trial *41 to submit a memorandum. The memorandum submitted by petitioner is replete with so-called constitutional arguments which have repeatedly been rejected by this Court and other courts. See, e.g., Gardiner v. Commissioner,T.C. Memo. 1979-364 and cases cited therein. Petitioner has totally failed to meet his burden of proof. Welch v. Helvering,supra; Rule 142(a). Absolutely no evidence was introduced that would show error in respondent's determination. Accordingly, respondent's determination must be sustained. Rule 149(b). In addition, Rule 123(b) provides in pertinent part that: "For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner." As is obvious from the record, throughout these proceedings petitioner's conduct was not aimed at resolving the issues before the Court. We believe that petitioner's actions require dismissal under Rule 123(b) and respondent's Motion to Dismiss for Lack of Prosecution should be granted. [3]
*42 An appropriate order and decision will be entered.
Footnotes
1. All references to a Rule are to the Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954 as in effect during the taxable year, unless otherwise indicated.↩
3. We have seriously considered imposing $500.00 in damages against petitioner for instituting these proceedings merely for delay. Section 6673; Hatfield v. Commissioner,68 T.C. 895↩ (1977). Although we have not done so, we point out to petitioner that if in the future he brings or maintains a similar action, the Court may well be inclined to impose such damages or even greater damages up to $5,000.00 as now authorized by section 6673 for suits commenced in this Court after December 31, 1982. Section 292(b), Tax Equity and Fiscal Responsiblity Act of 1982, Pub. L. 94-248, 96 Stat. 324, 572.