GEORGE CULLEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cullen v. Commissioner
Docket No. 25310-82, 31233-83.
United States Tax Court
T.C. Memo 1984-541; 1984 Tax Ct. Memo LEXIS 131; 48 T.C.M. (CCH) 1354; T.C.M. (RIA) 84541; October 9, 1984. George Cullen, pro se. Dennis L. Perez, for the respondent. COHEN MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions to Tax
Docket No.
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654(a) [1]
25310-82
1978
$5,810.80
$1,452.70
$290.54
$185.94
1979
6,056.13
1,514.03
302.81
254.35
1980
6,723.81
1,680.95
336.19
430.32
31233-83
1981
* 7,939.00
1,984.75
396.95
603.36
*132 As a result of his failure to file timely tax returns for the years in issue, to comply with the Court's rules, to cooperate with respondent's counsel, or to follow the directions of the Court at the time of trial, petitioner has squandered his claims of entitlement to various deductions and dependency exemptions and joint return rates. Petitioner was a resident of Yorba Linda, California, at the time he filed his petitioners herein. Those petitions contain frivolous allegations that are now recognized as standard among certain protesters in the Southern California area. See, e.g., Blaty v. Commissioner,T.C. Memo. 1984-518; Fox v. Commissioner,T.C. Memo. 1984-519. [2]
*133 On motion of respondent, the within cases were consolidated for trial, briefing, and opinion. Notice setting case for trial was served on May 8, 1984. That notice stated in part: Your attention is called to the Court's requirement that, if the case cannot be settled on a mutually satisfactory basis, the parties, before trial, must agree in writing to all facts and all documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. When the case was called for trial, petitioner sought to be represented by Everett Thoren, of Oregon, a person not admitted to practice before the Court, not an attorney-at-law, and, according to Mr. Thoren, "not affiliated with any association whatsoever." After it became apparent that Mr. Thoren intended to present frivolous arguments and to disrupt the proceeding rather than to present evidence relevant to Mr. Cullen's case, the Court refused to recognize Mr. Thoren. The Court directed *134 Mr. Cullen to speak for himself, indicating, however, that Mr. Thoren could be called as a witness if he had knowledge of any material facts. Petitioner did not call Mr. Thoren as a witness but continued to seek guidance from him notwithstanding the warnings of the Court that he was being misled into error and that his course of conduct was merely increasing the amount of damages that might be awarded to the United States under section 6673. Petitioner tendered numerous exhibits, none of which constituted evidence of his income or deductions during the years in issue. Among those exhibits were partial copies of Forms 1040 for various years, which copies appeared to have been executed by petitioner and his spouse in February 1984. Those copies, and additional copies submitted to the Court subsequent to trial, contain various references to irrelevant statutes of the United States and indicate that petitioner has not abandoned his frivolous arguments. Notwithstanding his defiance of the statutes prescribing his tax obligations and the procedures for determining disputes with respect to them, however, petitioner demands that he be allowed various deductions, exemptions, and joint *135 return rates. Petitioner has the burden of proving that the determinations set forth in respondent's notices of deficiency are incorrect. Specifically with respect to deductions, he must show that he is entitled to them. Welch v. Helvering,290 U.S. 111 (1933); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Rule 142(a), Tax Court Rules of Practice and Procedure. His belated tender of incomplete tax return forms setting forth various deductions is not proof that he is entitled to those deductions. He has provided the Court with no evidentiary justification for finding that respondent's determinations are incorrect. Moreover, petitioner's failure to file timely returns, the issuance of notices of deficiency to him, and his filing of petitions with this Court preclude subsequent election of joint return benefits. Section 6013(b)(2).[3]
*136 At the time of trial, respondent moved that the case be dismissed for petitioner's failure properly to prosecute and for damages under section 6673. In view of petitioner's failure to present any evidence in support of his claimed exemptions and deductions, dismissal is appropriate. Rules 123 and 149(b), Tax Court Rules of Practice and Procedure.
Petitioner's present predicament is obviously the result of his repudiation of his obligation to file timely returns reporting his income and claiming proper exemptions and deductions; his refusal to meet with respondent for the purpose of established any right to those deductions, and his rejection of the Court's attempts to assist him in presenting evidence necessary for the Court to make a determination with respect to them.He persists in presenting frivolous and groundless arguments, from which we infer that these proceedings were filed merely for delay. The unfortunate consequences fall not only upon him but upon the Court, respondent, and other taxpayers. Under these circumstances, an award of damages under section 6673 [4] is appropriate. Hatfield v. Commissioner,68 T.C. 895, 899-900 (1977); Wilkinson v. Commissioner,71 T.C. 633, 639-643 (1979); *137 Abrams v. Commissioner,82 T.C. 403 (1984). On review of the entire record, we determine that damages shall be awarded to the United States in the amount of $500 in docket No. 25310-82 and in the amount of $5,000 in docket No. 31233-83. [5]
*138 Decisions will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
*. Plus, under sec. 6653(a)(2), 50 percent of the interest due on $7,939.00 ↩
2. Gellatly v. Commissioner,T.C. Memo. 1984-263; Gellatly v. Commissioner,T.C. Memo. 1984-262; Rodriguez v. Commissioner,T.C. Memo. 1984-111; Phillips v. Commissoner,T.C. Memo. 1984-110; Hodge v. Commissioner,T.C. Memo. 1984-109; Kallsen v. Commissioner,T.C. Memo. 1984-108; Gabaldon v. Commissioner,T.C. Memo. 1984-107; Africa v. Commissioner,T.C. Memo. 1984-95; Dragoun v. Commissioner,T.C. Memo. 1984-94; Urban v. Commissioner,T.C. Memo. 1984-85; Langseth v. Commissioner,T.C. Memo. 1983-576. In Ross v. Commissioner,T.C. Memo. 1983-624↩, filed October 11, 1983, we warned persons in this group, i.e., "similarly situated," to "take note, therefore, that belated cooperation is not the equivalent of compliance with their duties to file timely tax returns * * *." In that case, at least, the petitioner met with respondent and substantiated his deductions to respondent's satisfaction.
3. In the documents submitted after trial, petitioner made reference to a proceeding filed by his spouse pending before another judge at a later date. Petitioner did not make a timely motion to consolidate the proceeding involving his wife. In any event, the Court has determined that, in view of petitioner's intransigence and failure to present any evidence, consolidation would not have affected the result in this case. Among the exhibits tendered by petitioner was a copy of a letter from petitioner's spouse to respondent indicating that she shares petitioner's erroneous views of the law governing their tax liability.↩
4. Sec. 6673, as applicable to docket No. 25310-82, provided: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Sec. 6673, as applicable to docket No. 31233-83, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. ↩
5. Perhaps petitioner should seek contribution toward these damages from Everett Thoren and/or anyone else responsible for his conduct in these proceedings.↩