PETER K. THOMSEN AND MYRNA D. THOMSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomsen v. Commissioner
Docket No. 1955-84.
United States Tax Court
T.C. Memo 1986-111; 1986 Tax Ct. Memo LEXIS 499; 51 T.C.M. (CCH) 660; T.C.M. (RIA) 86111; March 20, 1986. Peter K. Thomsen and Myrna D. Thomsen, pro se. Thomas Rohall, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This case is before the Court on respondent's motion to dismiss pursuant to Rule 53 for failure properly to prosecute and motion for damages pursuant to section 6673. [1]
Respondent determined the following deficiencies in and additions *500 to petitioners' Federal income tax: Year
Deficiency Additions to Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6653(a)(2)
Sec. 6654(a)
or(a)(1) Petitioner Peter K. Thomsen
1979
$6,733
$1,155
$231
1980
9,602
1,722
344
397
1981
11,276
2,787
557
To be computed on
852
an underpayment of
$11,276
1982
12,662
3,123
625
To be computed on
1,212
an underpayment of
$12,662 Petitioner Myrna D. Thomsen
1979
2,064
511
102
84
1980
3,165
791
158
202
1981
3,802
951
190
To be computed on
291
an underpayment of
$3,802
1982
4,334
1,084
217
To be computed on
421
an underpayment of
$4,334
Petitioners, Peter K. Thomsen (herein "petitioner") and Myrna D. Thomsen (herein "Mrs. Thomsen"), were husband and wife and resided in Richmond, Calif. when they filed the petition herein. During the years in issue, petitioner filed Forms 1040 with the Internal Revenue Service Center, Fresno, Calif. whereon he indicated his filing status as a married taxpayer filing a separate return. Other than setting forth his name, address, the amount of Federal *501 income tax withheld and answering "none" on line 39 for the credit claimed for the elderly, petitioner answered "object" in the spaces provided for his social security number, his occupation, and all other items on such Forms 1040. The first page of each form bears the following typewritten words: The attached fourteen page memorandum is to be considered a part of this return. The word "object" in response to a question means on grounds of selfincrimination [sic]. Such attachment lists the arguments upon which petitioner based his "right against self-incrimination." Mrs. Thomsen did not file any documents purporting to be Federal income tax returns for the years in issue. On October 28, 1983, respondent issued notices of deficiency with respect to petitioners' Federal income tax for 1979 to 1982. Petitioners timely filed a petition with this Court on January 24, 1984. Therein, petitioners alleged as facts on which they relied that petitioner was not a "federal statutory employee subject to excise tax withholding", that petitioner is not subject to income tax withholding, that respondent is prohibited from determining the employment status of any individuals and that since *502 petitioners had not been granted immunity they cannot submit financial information to refute respondent's determination of increased tax liability. Petitioners submitted on January 24, 1984, a five and one-half page "memorandum" which was filed with the Court as a "request for immunity". Petitioners stated in such "memorandum" that they feared that a "non-tax crime" could be established from financial information they would have to produce to disprove respondent's determination in the notices of deficiency. On August 8, 1984, respondent's appeals officer informed petitioners by letter that he considered their position to be frivolous. Respondent's appeals officer also enclosed copies of opinions of this Court in which arguments similar to those offered by petitioners herein had been found to be frivolous. [2] Petitioners responded by letter to respondent's appeals officer wherein they thanked him for his "very enlightening letter" and stated that it served as "confirmation of our voluntary, self-assessment tax system". Petitioner filed on August 15, 1984, Forms 1040X purporting to be amended returns for all the years in issue. On each of these documents, petitioner listed as total *503 income the amount determined in respondent's notice of deficiency with respect to petitioner's Federal income tax liability for that year and claimed the same amount as a deduction. Attached to each Form 1040X is an "addendum for part II" wherein petitioner stated again the arguments presented in the petition. Also attached are copies of (a) a page from the Internal Revenue Manual discussing the administration of the Internal Revenue Service; (b) Pub.L. 95-600 relating to employment taxes; and (c) a flow chart purporting to explain petitioner's understanding of the "self-assessment" and "voluntary compliance" of the Federal income tax system. In addition, petitioner filed Forms 843 for refund for 1979 and 1981. The instant case was calendared for trial at this Court's trial session at San Francisco, Calif. to commence on May 14, 1985. The notice setting case for trial issued by the Clerk of the Court called to petitioners' attention the *504 Court's requirement that the parties agree in writing before trial to "all facts and all documents about which there should be no disagreement". (Emphasis in original.) The Court again informed petitioners by letter on May 8, 1984, of the necessity to comply with its Rules, particularly Rule 91(a) which requires that the parties stipulate all matters as to which agreement can or fairly should be reached. A copy of Rule 91 was enclosed with such letter from the Court. Respondent's counsel had also requested that petitioners contact him prior to trial so as to prepare a stipulation of facts pursuant to Rule 91. In his letter dated March 4, 1985, respondent's counsel informed petitioners that if they continued to refuse to meet with respondent and produce certain financial records, respondent would file a motion to dismiss for failure properly to prosecute and a motion for damages under section 6673. Petitioners' only response was a telephone call to respondent's counsel wherein Mrs. Thomsen indicated that petitioners would not turn over documents. The instant case was called for trial on May 14, 1985. At that time, petitioners appeared and once again argued that the *505 voluntary nature of the income tax system justified their actions in this case and maintained that they had not "self-assessed" themselves. Throughout the trial, the Court attempted without success to elicit from petitioners some factual allegations concerning their case. Although respondent's counsel informed the Court at trial that no criminal prosecution was pending against petitioners at that time, petitioners reiterated their refusal on Fifth Amendment grounds to produce financial documents. Notwithstanding their refusal to meet with respondent's counsel, petitioners offered to be filed with this Court at the time of trial a document purporting to be a "stipulation of facts" which was prepared unilaterally be petitioners and was inconsistent in form and content with the requirements of Rule 91. Such "stipulation" was laden with the arguments petitioners had previous presented in their petition and the "memorandum" filed on January 24, 1984. Additionally, petitioners stated in such "stipulation" their opposition to respondent's motion for summary judgment although no such motion had been filed. Respondent filed with the Court at the beginning of the trial a motion to dismiss *506 for failure properly to prosecute and a motion for an award of damages. Copies of such motions were previously served on petitioners on May 7, 1984. At the conclusion of the trial, the Court informed the parties that respondent's motion to dismiss would be granted and that respondent's motion for an award of damages would be taken under advisement. [3]
We first address respondent's motion to dismiss. Rules 53 and 123(b) are both relevant herein. Rule 53 provides that a case may be dismissed for cause upon motion of a party and Rule 123(b) provides as follows: Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the *507 Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he had the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. In light of petitioners' conduct in this proceeding, particularly their persistent and unjustified refusal to stipulate as required by Rule 91(a), we conclude that dismissal is appropriate. Accordingly, respondent's motion to dismiss is granted. A decision against petitioners will therefore be entered in the amount set forth in the notices of deficiency. [4]
*508 Respondent has also moved for damages under section 6673. Under that section, as applicable herein, the Court may award damages to the United States of up to $5,000 when the proceeding has been instituted or maintained by the taxpayer primarily for delay or if the taxpayer's position in such proceeding is frivolous or groundless. It is evident from the record that petitioners maintained these proceedings primarily for delay. Shortly after the commencement of this case, petitioners filed documents, such as their request for grant of immunity and their "stipulation of facts", strikingly similar to those which we have seen many times in frivolous tax-protestor cases. [5] We consider these documents to be frivolous and filed for the purpose of delay. Furthermore, prior to the trial session at which these cases were calendared, the Court notified petitioners of their duty to comply with its Rules, particularly Rule 91(a) relating to the stipulation of facts. Respondent's counsel had also repeatedly encouraged petitioners to comply with *509 the Court's rules. Despite ample opportunity afforded by the Court to do so, petitioners refused to comply with Rule 91(a). Petitioners' position was frivolous and groundless and they know as much. Prior to trial, respondent's appeals officer notified petitioners as to the lack of merit in their position. Petitioners were also on notice that motions to dismiss and for award of damages would be filed against them. At trial, the Court repeatedly attempted to elicit from petitioners some semblance of factual allegation which might refute respondent's determination in the notices of deficiency. Yet time and again, petitioners persisted in raising frivolous arguments. The documents submitted by petitioners were meticulously prepared and are impressive in appearance. Although the record is silent as to petitioners' educational background, their demeanor at trial and their meticulously prepared documents lead us to believe that petitioners fully understood the gravity of their actions and intended to delay the payment of their Federal income tax through their frivolous position and their conduct and attitude of noncooperation.Accordingly, we award damages in the amount of $5,000 *510 to the United States and against petitioners pursuant to section 6673. To reflect the foregoing, Appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure and all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Copies of Hatfield v. Commissioner,68 T.C. 895 (1977), and McCoy v. Commissioner,T.C. Memo. 1982-570, were enclosed with such letter. In McCoy,↩ we also awarded damages pursuant to section 6673.
3. On May 16, 1985, petitioners' "stipulation" was filed as an objection to respondent's motion for an award of damages. Furthermore, although no decision had yet been entered in this case, petitioners sent to the Court on July 10, 1985, a "notice of appeal to the United States District Court for the Northern District of California" wherein petitioners stated they were appealing the judgment of this Court. Such document was returned unfiled.↩
4. We note that petitioners raised for the first time at trial the defense of the statute of limitations with respect to 1979. Such defense was not raised in the petition and therefore was not properly pleaded. Rule 39. Furthermore, the statute of limitations limits the assessment of tax within three years after the return is filed. Sec. 6501. We have held that documents which do not represent an honest and reasonable attempt to satisfy the requirements of the tax law and which do not contain sufficient financial data to allow respondent to compute and assess the taxpayer's tax liability do not qualify as returns. See Reiff v. Commissioner,77 T.C. 1169, 1177↩ (1981), and the cases cited therein. Since the documents petitioner filed did not contain any financial data, no return was filed herein and therefore respondent's issuance of the notice of deficiency with respect to 1979 was not barred by the statute of limitations.
5. See, e.g., Bressler v. Commissioner,T.C. Memo. 1986-4; Branson v. Commissioner,T.C. Memo. 1985-481↩.