ROBERT C. PARMENTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Parmenter v. Commissioner
Docket No. 14010-80.
United States Tax Court
T.C. Memo 1981-299; 1981 Tax Ct. Memo LEXIS 440; 42 T.C.M. (CCH) 99; T.C.M. (RIA) 81299; June 18, 1981. Christina Burkholder and David W. Johnson, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for hearing on respondent's motion for summary judgment. The Court agrees with and adopts his opinion which is set out below. [1]
OPINION ON THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: This case is presently before the Court on respondent's motion for summary judgment, filed on March 24, 1981. The motion came on for hearing at the Motions Session in Washington, D.C., on June 3, 1981. Respondent appeared by his counsel. There was no appearance by or on behalf of petitioner, nor had petitioner filed any response to the motion. At the conclusion of the hearing the motion was taken under advisement. Respondent determined a deficiency in petitioner's 1978 Federal income tax *440 of $ 1,359, and the following additions to tax for that year: Section 6651(a) [2]
$ 339.75
Section 6653(a)
67.95
Section 6654
43.26
A petition based upon respondent's notice of deficiency was timely filed on July 21, 1980. Respondent timely filed his answer to the petition on September 19, 1980. Thereafter, on December 22, 1980, respondent filed a request for admissions, pursuant to Rule 90 of this Court's Rules of Practice and Procedure. Petitioner filed no response to the request; and, as a consequence, each matter in the request is deemed admitted. Rule 90(c). FINDINGS OF FACT Petitioner resided in El Paso, Texas, at the time the petition was filed. Petitioner mailed a Form 1040 for 1978 to the Internal Revenue Service Center in Austin, Texas, on or about April 12, 1979. That form is signed by petitioner; contains his social security number; lists his occupation as "retired"; claims a filing status of "single"; and claims two exemptions, one for himself and one for being age 65 or over. At the top of the first page of the return *441 the following typed material appears: "Filed under protest -- return receipt requested -- petition for redress of grievances -- all attachments are integral part [sic] of this return (Form 1040, Form 1040 Schedule A&B, two affidavits, copy of 'Ellsworth' affidavit)." On those lines where figures showing income, credits, deductions, and the like are required, there were no figures inserted. Instead petitioner either wrote "NONE" (lines 12, 19, 38, 40, 41, 43-45, and 58-61), or inserted two asterisks, explaining which the following notation was made on pages 1 and 2 of Form 1040 and on Schedule B (Interest and Dividend Income): "This figure means specific objection is made under the 5th Amendment, U.S. Constitution, to the question as to the Federal Reserve Notes, and that similar objection is made to the question under 1, 4, 7, 8, 9, 10, 13, 14, 16 Amendments." Petitioner paid no tax for his taxable year 1978. Petitioner received an annuity or pension of $ 10,779.74 from the Water and Power Employees Retirement Plan of Los Angeles, California in 1978, and was issued a Form W-2P by the plan for that year. In his notice of deficiency, respondent determined that petitioner had *442 retirement income of $ 10,779.74 (the amount just mentioned above), and interest income of $ 606.03. The respondent explained the latter adjustment as follows: "It is determined that you received interest income of $ 606.03 in 1978, based on a projection of interest income, plus accrued interest, reported on your 1974 income tax return, the last income tax return filed by you." The amount of tax due was shown as having been computed through use of the tax tables. In the petition, at paragraph 4, petitioner alleged the following assignments of error: 4. The determination of tax set forth in the said notice of deficiency is based on the following errors: A. Petitioner was not in violation of Internal Revenue Code Sections: 6651(a), 6653(a), 6654 as alleged. B. Petitioner did not have a gross income of statutory dollars as required under Title 26 United States Code, Section 6012 for the year in question, which would require the filing of a tax return. C. Petitioner was compelled to accept all income in the 1978 tax year in Federal Reserve Notes, which were not statutory money because of their irredeemability, and not taxable income because they *443 are debt. D. Petitioner disputes the arbitrary determination of tax by using the TAX TABLE. E. Petitioner disputes the exclusion of a retirement income credit for the year 1978 and the discrimination of taxing his non-Social Security retirement income. Respondent denied each of those allegations in his answer. On petitioner's 1974 return, petitioner reported interest income of $ 490.79 (United California Bank, $ 345.85; Citizens Bank & Trust, $ 117.47; and Swiss Credit Bank, $ 27.87); and on his 1973 return he reported interest income of $ 566.65 (no breakdown as to sources shown). Attached to those returns was a Form 4683 (U.S. Information Return on Foreign Banks, Securities, and other Financial Accounts), on which petitioner reported that he had two accounts (with an aggregate value of over $ 100,000) in the Swiss Credit Bank of Zurich, Switzerland: (1) Silver Claims Account No. 392-154-82-80; and (2) a private savings, demand, or checking account numbered XXX-818-7. Petitioner is the same person as the petitioner in Docket Nos. 9505-78 (1975 and 1976) and 13056-79 (1977), in which cases the respondent filed a Motion for Summary Judgment and a Motion to Dismiss for *444 Lack of Prosecution when those cases were called for trial at El Paso, Texas, on September 23, 1980, and when there was no appearance by or on behalr of petitioner. The Court granted respondent's motion to dismiss and entered orders of dismissal and decision on December 29, 1980, sustaining the deficiencies and additions to tax as determined by respondent in his notices of deficiency. Petitioner filed proper returns on Form 1040 for each of the years 1973 and 1974, and so far as the record shows, there were no adjustments made with respect to either of those returns. OPINION Petitioner, a tax protester, brings here yet a third case, relying on the same grounds stated in a petition identical to those filed for the years 1975 and 1976 in Docket No. 9508-78 and for the year 1977 in Docket No. 13056-79. He has lost the first two cases based upon his default in failing to appear for trial. He must lose the present case, inasmuch as there do not appear to be any genuine issues of material fact and respondent is clearly entitled to prevail as a matter of law, with respect to his income adjustments and the several additions to tax determined in the notice of deficiency. I. *445 Income adjustments. -- The notice of deficiency charged petitioner with the receipt of two items of income: retirement income and interest income. Petitioner did not dispute the amount of either adjustment, but instead relied primarily on the ground that these items were paid to him in Federal Reserve Notes, which he claims were not statutory money and "not taxable income because they were debt." That ground is unavailing as has been decided by this and other courts in cases too numerous to mention. See, for example, Hatfield v. Commissioner, 68 T.C. 895, 897 (1977), and the cases there cited. It would appear that petitioner is entitled to some amount as a tax credit for the elderly, under section 37. Respondent will be directed to file with the Court a recomputation of the deficiency reflecting the allowance for such a credit. Reduction of the deficiency will also have an impact on the amounts of additions to tax, discussed herein below. II. Addition to Tax under section 6651(a). -- Section 6651(a)(1) provides that an addition to tax shall be imposed where there has been a failure to file a return unless it is shown that such failure is due to reasonable *446 cause and not due to willful neglect. The return form which petitioner sent to the Austin Service Center for the taxable year 1978, described herein above, was not return at all. Hatfield v. Commissioner, supra; United States v. Daly, 481 F.2d 28 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973); United States v. Porth, 426 F2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). The record showing that petitioner was entirely capable of preparing and filing a proper return -- as he did for each of the years 1973 and 1974 -- the conclusion is inescapable that his failure to file a return for 1978 was due, at the very least, to willful neglect. Certainly that failure was not due to reasonable cause. Respondent's imposition of an addition to tax under section 6651(a)(1) was proper. III. Addition to tax under section 6653(a). -- Section 6653(a) provides for the imposition of an addition to tax where any part of any underpayment of tax is due to negligence or intentional disregard of rules and regulations (but without intent to defraud). Petitioner paid no part of his 1978 income tax liability, *447 and therefore there is an underpayment of his taxes for that year. For the same reasons that prompted sustaining the imposition of an addition to tax under the previous issue, it must be here concluded that petitioner's underpayment was due, at the very least, to negligence or intentional disregard of rules and regulations. Accordingly, respondent's imposition of an addition to tax under section 6653(a) was proper. IV. Addition to Tax under section 6654(a). -- Section 6654 (a) provides: SEC. 6654. Failure by Individual to Pay Estimated Tax. (a) Addition to the tax.--In the case of any underpayment of estimated tax by an individual, except as provided in subsection (d) [none of the exceptions are applicable in the present case], there shall be added to the tax under Chapter 1 and the tax under Chapter 2 for the taxable year an amount determined at an annual rate established under section 6621 upon the amount of the underpayment. * * * Petitioner paid no estimated tax in 1978, and the imposition of an addition to tax under section 6654(a) with respect to the resulting underpayments is automatic, without regard to the reason for such underpayments. Accordingly, respondent's *448 imposition of an addition to tax under section 6654(a) was proper. A word of warning to petitioner is in order. In a case remarkably similar to the present case this Court stated ( Hatfield v. Commissioner, supra, 68 T.C. at pp. 899-900): In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. Many citizens may dislike paying their fair share of taxes; everyone feels that he or she needs the money more than the Government. On the other hand, as Justice Oliver Wendell Holmes so eloquently stated: "Taxes are what we pay for civilized society." *449 Compania de Tabacos v. Collector, 275 U.S. 87, 100 (1927). The greatness of our nation is in no small part due to the willingness of our citizens to honestly and fairly participate in our tax collection system which depends upon self-assessment. Any citizen may resort to the courts whenever he or she in good faith and with a colorable claim desires to challenge the Commissioner's determination; but that does not mean that a citizen may resort to the courts merely to vent his or her anger and attempt symbolically to throw a wrench at the system. Access to the courts depends upon a real and actual wrong -- not an imagined wrong -- which is susceptible of judicial resolution. General grievances against the policies of the Government, or against the tax system as a wholle, are not the types of controversies to be resolved in the courts; Congress is the appropriate body to which such matters should be referred. When frivolous cases such as this are brought to court, there is a question as to whether damages should be imposed under section 6673, which provides: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely *450 for delay, damages in an amount not in excess of $ 500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary or his delegate and shall be collected as a part of the tax. We have decided not to impose such damages in this case, but if tax protesters continue to bring such frivolous cases, serious consideration should be given to imposing such damages. See Bateman v. Commissioner, 34 B.T.A. 351 (1936); Coombs v. Commissioner, 28 B.T.A. 1216 (1933). In the present case, petitioner perhaps did not realize the frivolity of his petition when it was filed -- prior to the default adjudged against him in his prior cases. [3] But, with this third case, he knows, or should know, better. If he persists in the course of action he has followed heretofore, the Court will have little choice but to impose the damage called for by section 6673 in the next case. *451 Respondent's motion for summary judgment should be granted, with a direction that he file a revised computation of the deficiency and the related additions to tax to reflect the allowance of the appropriate amount of credit under section 37. An appropriate order will be entered. Footnotes
1. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. In a memorandum to accompany to order of dismissal and decision entered in the earlier cases, Judge Hall stated: "In his petitions petitioner raises a plethora of constitutional and statutory arguments and affirmative defenses, all of which are frivolous and which have been fully considered by this and other courts adversely to the taxpayers."↩