ROY W. RUTHERFORD AND BETTY LOU RUTHERFORD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rutherford v. Commissioner
Docket No. 186-81.
United States Tax Court
T.C. Memo 1981-518; 1981 Tax Ct. Memo LEXIS 216; 42 T.C.M. (CCH) 1103; T.C.M. (RIA) 81518; September 21, 1981. Roy W. Rutherford and Betty Lou Rutherford, pro se. Eileen Kato Player, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel by Court order dated September 2, 1981, for the purpose of ruling on respondent's motion for judgment on the pleadings. [1]
*217 After a review of the record, we agree with and adopt his opinion which is set forth below. [2]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's motion for judgment on the pleadings filed on July 20, 1981, pursuant to Rule 120, Tax Court Rules of Practice and Procedure.[3]
Respondent, in his notice of deficiency issued to petitioners on October 3, 1980, determined deficiencies in petitioners' Federal income taxes and in additions to the tax for the taxable calendar years 1976 and 1977 in the following respective amounts: Additions to Tax, 1954 Code [4]
Year
Income Tax
Section 6653(a)
1976
$ 7,541.26
$ 377.06
1977
8,070.50
403.53
*218 Petitioners resided at 12380 Polaris Drive, Grass Valley, California, on the date they filed their petition. They filed joint 1976 and 1977 Federal income tax returns with the Internal Revenue Service.
The adjustments to income as determined by respondent in his notice of deficiency are as follows: [5]
1976
1977
Personal Service Income
$ 27,027.91
$ 32,930.00
Interest Income
2,638.24
841.53
Capital Gains
294.97
0
Rental Income
2,207.00
0
$ 32,168.22
$ 33,771.53
In making his determinations respondent excluded from gross income the following amounts, which were reported by petitioners on their 1976 and 1977 returns: 1976
1977
Income from Roy W. Rutherford Trust
$ 5,679.34
$ 5,636.93
Consulting Fees from Roy W.
Rutherford Trust
0
800.00
$ 5,679.34
$ 6,436.93
On January 5, 1981, petitioners filed their petition wherein at paragraph 4 thereof they allege: Petitioners deny that the *219 Federal Government has jurisdiction (which must be proved by government) over petitioners for the following reasons: 1. Petitioners have the "unalienable right" of "persuit [sic] of happiness" which includes the right to exchange labors for the necessities of life and use the legal tender designated by the government as an aid in doing so [6], and 2.The Income Tax is an excise tax and therefore cannot be applicable to petitioners (see Congressional Record for Senate June 1909; pages 3976, 3977, 4031, 4032, 4033 and others), and 3. If affirmed, the present assessment would be a direct tax against Petitioner's labors, which is allowed only if apportioned, and 4. The Secretary of Treasury & Commissioner of Internal Revenue have failed to exhaust all Administrative remedies, and finally 5. Secretary of Treasury and Commissioner of Internal Revenue have failed to affirmatively and positively plead and prove primary jurisdiction over Petitioners, which Petitioners, as a matter of common law, are immune to state and Federal revenue and taxation laws, rules, regulations, obligations, liabilities, *220 and sanctions as have been applied in this case. [7]
As indicated earlier, respondent, on February 9, 1981, filed his answer in which he denied all of the allegations of paragraph 4 of the petition and all subparagraphs thereunder, excepting only the allegations of paragraph 4.1. Thus, the pleadings are closed. See Rule 38. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error." No justiciable error has been alleged in the petition with respect to the Commissioner's determinations, and no justiciable facts in support of such error are extant therein. [8]
*221 Respondent has issued a valid notice of deficiency herein, section 6212; petitioners have invoked our jurisdiction in filing a timely petition based on that notice, section 6213; and they have the burden of proof with respect to each and every determination made by respondent in his notice. It is clear beyond doubt that the contentions raised by petitioners in paragraph 4 of their petition are frivolous. Suffice it to say that the constitutionality of the Federal income tax laws passed since the enactment of the Sixteenth Amendment has been upheld judicially on too many occasions for us presently to rethink the underlying validity thereof. See, e.g., Brushaber v. Union Pac. R.R. Co., 240 U.S. 1 (1916); Stanton v. Baltic Mining Co., 240 U.S. 103 (1916); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3d Cir. 1977). Moreover, the Sixteenth Amendment was enacted in response to the Supreme Court's decision in Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429 (1895), which held unconstitutional the income tax of 1894 as a direct tax without apportionment. The "whole *222 purpose" of the Sixteenth Amendment, as stated by the Supreme Court in Brushaber v. Union Pac. R.R. Co., supra at 18, was "to relieve all income taxes when imposed from apportionment from a consideration of the source whence the income was derived." Hence, since the ratification of the Sixteenth Amendment, it is immaterial, with respect to income taxes, whether the tax is a direct or an indirect tax. [9]
"General grievances against the policies of the Government, or against the tax system as a whole, are not the types of controversies to be resolved in the courts; Congress is the appropriate body to which such matters should be referred." Tingle v. Commissioner, 73 T.C. 816, 822-823 (1980). Finally, while it may be somewhat repetitious, the following recent forewarning in McCoy v. Commissioner, 76 T.C. 1027, 1029, (1981), merits repeating herein: It may be appropriate to note further that this Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have been raised in, at best, misguided *223 reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. [10]
On this record it is manifestly clear that there is no genuine issue as to any material fact. In such circumstances, Rule 120 permits this Court to render a decision as a matter of law. Since respondent has demonstrated that he is entitled to prevail as a matter of law, his motion for judgment on the pleadings filed on July 20, 1981, with be granted. An appropriate order and decision will be entered. Footnotes
1. Respondent filed his motion on July 20, 1981. On July 22, 1981, the Court served a "Notice of Filing" (together with a copy of respondent's motion and a copy of his memorandum in support thereof) on petitioners advising that if they filed a notice of objection to respondent's motion on or before August 20, 1981, the motion would be calendared for hearing at the Washington, D.C., Motions Session on September 2, 1981. Petitioners were also notified that if an objection was not filed by the date specified the Court may act upon the motion in its own discretion without hearing. No objection was filed as of September 2, 1981, and the Court issued its order of assignment.↩
2. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
3. All rule references herein are to the Tax Court Rules of Proactice and Procedure.↩
4. All statutory references herein are to the Internal Revenue Code of 1954, as amended.↩
5. The adjustments to income, which were not reported by petitioners on their 1976 and 1977 returns, were predicated upon respondent's disregard of petitioners' attempted anticipatory assignment of income to a family trust.↩
6. Respondent, in his answer filed on February 9, 1981, admits these allegations.↩
7. A form petition was used by petitioners which is normally used for small tax cases. Hence, the above-quoted language comprises in full the "errors" alleged as to respondent's deficiency determinations and the "facts" to sustain the allegations of "error".↩
8. In this connection, Rule 34(b)(4) provides, in part, "Any issue not raised in the assignment of errors shall be deemed to be conceded."↩
9. See also Roberts v. Commissioner, 62 T.C. 834↩ (1974).
10. In this respect, see also Hatfield v. Commissioner, 68 T.C. 895, 899↩ (1977).