GARTH H. SORENSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sorensen v. Commissioner
Docket No. 15477-81.
United States Tax Court
T.C. Memo 1981-582; 1981 Tax Ct. Memo LEXIS 163; 42 T.C.M. (CCH) 1363; T.C.M. (RIA) 81582; October 5, 1981. *163 Garth H. Sorensen, pro se. Charles Williams and J. L. Millward, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss for failure to state a claim filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL *164 TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for failure to state a claim filed on August 17, 1981, pursuant to Rule 40, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioner on March 31, 1981, determined deficiencies in petitioner's Federal income tax for the taxable calendar years 1977 and 1978 as follows: Year
Income Tax
1977
$ 45,383.00
1978
18,920.00
Respondent's deficiency determinations are predicated upon the following items which were claimed on the 1977 and 1978 returns and disallowed: 1977
1978
Turnkey expenses
$ 80,351.00
Farm loss
2,634.00
$ 3,755.00
Schedule "C" loss
6,019.00
Excess itemized deductions
569.00
Bad debts
2,000.00
3,000.00
Petitioner, who operated a dental service, resided at Las Vegas, Nevada, on the date he filed his petition. He filed individual U.S. Federal income tax returns for 1977 and 1978 with the Internal Revenue Service. Rule 34(b) provides in pertinent part that the petition *165 in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments or error." No justiciable error has been alleged in the petition or amended petition with respect to the Commissioner's determinations, and no justiciable facts in support of such error are extant therein. Rather, petitioner consumes his entire petition and amended petition raising, in the main, a plethora of constitutional arguments, i.e., that his rights have been violated under the U.S. Constitution and various amendments thereto. It is clear beyond doubt that the constitutional arguments advanced by petitioner are frivolous. All of the contentions he has raised have been fully discussed (adversely to petitioner's contentions) in numerous prior opinions of this and other courts. See, e.g., Brushaber v. Union Pac. R.R. Co., 240 U.S. 1 (1916); Stanton v. Baltic Mining Co., 240 U.S. 103 (1916); Gajewski v. Commissioner, 67 T.C. 181 (1976), *166 affd. in an unpublished opinion 578 F.2d 1383 (8th Cir. 1978); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. without opinion 559 F.2d 1207 (3d Cir. 1977). [3]
Finally, while it may be somewhat repetitious, the following recent forewarning in McCoy v. Commissioner, 76 T.C. 1027, 1029 (1981), merits repeating herein: It may be appropriate to note further that this Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed *167 "sincerity" of their wildly espoused positions. [4]
On this record petitioner has not stated a claim upon which this Court can grant any relief. Hence, we must and do grant respondent's motion. An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on September 23, 1981. No appearance was made by or on behalf of petitioner, nor did he file a response to respondent's motion, albeit a copy thereof together with a copy of the Court's notice of hearing were served on petitioner by the Court on August 20, 1981.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. See Wright v. Commissioner, T.C. Memo. 1981-65↩, and the cases cited at footnote 5 thereof.
4. In this respect, see also Hatfield v. Commissioner, 68 T.C. 895, 899↩ (1977).