ROBERT COX and CAROLYN COX, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cox v. Commissioner
Docket No. 13729-79.
United States Tax Court
T.C. Memo 1981-678; 1981 Tax Ct. Memo LEXIS 69; 42 T.C.M. (CCH) 1749; T.C.M. (RIA) 81678; November 24, 1981. *69 Carolyn Cox, pro se. John L. Hopkins, for the respondent. SCOTT
MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1976 in the amount of $ 2,424 and an addition to tax under section 6653(a) [1] in the amount of $ 121.20. All of the issues raised by the pleadings have been disposed of by agreement of the parties except whether petitioners are entitled to a deduction of $ 18,354.36 because their wages were "paid in depreciated bank notes." Most of the facts were stipulated either in writing or at the trial. [2] These facts are found as stipulated. *70 Petitioners, husband and wife, who resided in Rogersville, Tennessee, at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1976 with the Director, Internal Revenue Service Center, Memphis, Tennessee. Petitioner Carolyn T. Cox was employed during the year 1976 by Tennessee Eastman Company. Her wages were paid to her by being deposited directly into her bank account. Petitioner Robert Cox, during 1976, was also employed by Tennessee Eastman Company. His wages were paid to him by a check from his employer. Mr. Cox generally deposited his salary check in his bank account. On their Federal income tax return for the calendar year 1976, petitioners claimed a deduction of $ 18,354.36 with the notation "wages paid in depreciated bank notes--see attached." Attached to their return was a photostated copy of a paragraph from CCH-- Standard Federal Tax Reports to the effect that (1) if notes are accepted in settlement of compensation, they are included in gross income of a cash basis taxpayer to the extent of their fair market value; (2) if the notes have no fair market value, no income is realized at the time the notes *71 are received, but notes represent merely security for future payment of compensation; and (3) income is realized when the notes are paid or when installment payments are received. The allegations in the petition include, among other things, a statement that petitioners failed "to earn 'Dollars' as defined by the U.S. Constitution Article 1, Sec. 10 & 8." [3] Apparently petitioners take the position that when their wages were converted to money, it was in the form of Federal Reserve notes rather than gold and silver and that Federal Reserve notes have no fair market value. This contention is indistinguishable from the contention which has been made by numerous taxpayers that funds received other than in gold and silver are not includable as taxable income. This Court has uniformly held that an amount paid to a taxpayer as compensation in Federal Reserve notes is includable *72 in his taxable income. In Cupp v. Commissioner, 65 T.C. 68, 80, 84 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977), we held that a contention that only payments made in gold and silver constituted taxable income was without merit and, in fact, frivolous. In Hatfield v. Commissioner, 68 T.C. 895, 897 (1977), we held a contention that Federal Reserve notes are accounts receivable and not reportable as income until they are paid to be without any legal justification and frivolous. See also Gajewski v. Commissioner, 67 T.C. 181, 193 (1976). On the basis of these cases and numerous Memorandum Opinions of this Court following these cases, we hold that petitioners are not entitled to a deduction of $ 18,354.36 or any other amount because of their wages being paid in "depreciated bank notes." We sustain respondent's disallowance of this deduction. Because the parties have disposed of other issues by agreement, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. Respondent in his notice of deficiency to petitioners, in addition to disallowing the claimed deduction because of wages being paid in bank notes, disallowed the following: Tax preparation
$ 20
Medical and dental expenses
273
Taxes
1,100
Interest
1,599
Contributions
453
At the trial respondent conceded that petitioners were entitled to the total amount of deductions claimed on their return for tax preparation, taxes, interest, and contributions and were entitled to $ 120 of the claimed deduction for medical and dental expenses. Respondent also conceded that petitioners were not liable for any addition to tax under section 6653(a). Petitioners conceded that they were not entitled to the remaining $ 153 of the claimed medical and dental expense deduction.↩
3. As we understood petitioners at the trial, they no longer press the other contentions contained in their petition which involved various constitutional claims under Article I and the 1st, 4th, 5th, 6th, 7th, 8th, 9th, 10th, and 13th Amendments to the Constitution↩ and a claim to a right to a jury trial.