CHARLES F. ZETTNER and JUDY J. ZETTNER, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zettner v. Commissioner
Docket No. 24276-83.
United States Tax Court
T.C. Memo 1984-463; 1984 Tax Ct. Memo LEXIS 210; 48 T.C.M. (CCH) 981; T.C.M. (RIA) 84463; August 29, 1984. Charles F. Zettner, pro se. Benjamin C. Sanchez,A. Chris Zimmermann and S. Clay Freed, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency of $5,716 in and in addition of $285.80 to petitioners' 1981 Federal income tax. The issues for decision are: (1) whether petitioners are entitled to deduct a "factors discount" in the amount of $22,895.05 in connection with a purported assignment of the personal services of Charles F. Zettner to a trust, and (2) whether petitioners are liable for the addition to tax for negligence or or intentional disregard of rules and regulations under section 6653(a). [1]
FINDINGS OF *211 FACT Some of the facts were stipulated orally at trial, and are so found. Petitioners Charles F. and Judy J. Zettner resided in Nevada at the time they filed the petition herein. Petitioners filed a joint Federal income tax return for the year 1981. As the transactions at issue involved only the services and income of Charles, [2] we shall hereinafter refer to him as petitioner. During 1981, petitioner was employed by Stauffer Chemical Company, and earned wages of $25,881.96. Judy Zettner was employed during 1981 by the Clark County School District, and earned wages of $9,448.24. Petitioners reported their combined wage income of $35,330.20 on their 1981 Federal income tax return. Sometime during 1981, petitioner entered into an agreement with Professional and Technical Services Group (PTSG), according to which he purported to sell his lifetime services *212 to PTSG. Petitioner described PTSG as an "offshore trust organization," which was run by an attorney named Frank Forrester. Pursuant to this agreement, petitioner sent to PTSG by personal check a total of $22,895.05 during 1981. [3] Attached to petitioners' return is a "Personal Affidavit" executed by petitioner on February 2, 1982 which states that the $22,895.05 was "relinquished" to PTSG as its "earnings under our mutual contract by which my life services were sold for just consideration. . . ." Also attached to the return is a certificate from PTSG confirming the receipt of the same amount "upon duly pledged and purchased life services in account with Charles F. Zettner." After sending the check or checks to PTSG, petitioner received weekly checks from International Dynamics, Inc. (Dynamics), which was an affiliate of PTSG. [4] Petitioner received back from Dynamics in 1981 *213 the full $22,895.05 he paid to PTSG. Attached to petitioners' return is a document entitled "Confirmation of Factor's Discount in Purchase of Accounts receivable" purporting to confirm Dynamics' purchase from PTSG of accounts receivable on its personal services contract with petitioner. During 1981 petitioner received all of his wages directly from Stauffer Chemical Co., and Deposited or cashed his paychecks before sending checks to PTSG. [5] Petitioner never performed personal services for either PTSG or Dynamics. On line 20 of their 1981 Federal income tax return, which is designated "other income," petitioners claimed a deduction of $22,895.05 as a "factors discount." OPINION A fundamental principle of our tax system is that income must be taxed to the one who earns it. Commissioner v. Culbertson,337 U.S. 733, 739-740 (1949). *214 Contractual arrangements designed to circumvent this rule, by attempting to deflect income away from the one who earns it, will not be recognized for Federal income tax purposes. United States v. Basye,410 U.S. 441, 449-450 (1973); Lucas v. Earl,281 U.S. 111, 114-115 (1930). This case is virtually identical to Benningfield v. Commissioner,81 T.C. 408 (1983), in which we rejected a similar "double trust" arrangemen involving Professional and Technical Services as "yet another device by which a taxpayer seeks to avoid paying income taxes on his earnings." [6] We concluded in that case: "We will not sanction this flagrant and abusive tax-avoidance scheme." Benningfield v. Commissioner,supra at 418. See also United States v. Landsberger,692 F.2d 501 (8th Cir. 1982) (affirming an order granting a permanent injunction against a promoter of such double trust schemes). For the reasons stated in the cited cases, neither will we do so here. We hold for respondent on the deficiency in tax. *215 We must also decide whether petitioners are liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. Petitioners bear the burden of proof on this issue. Rule 142(a), Tax Court Rules of Practice and Procedure; Luman v. Commissioner,79 T.C. 846, 860-861 (1982). Petitioner's demeanor at trial convinces us that he had no bona fide belief of the legitimacy of this blatant scheme to avoid paying taxes on his income.We also note that at the time he filed his petition herein, one promoter of these double trusts had been enjoined. See United States v. landsberger,supra. Accordingly, we sustain respondent's imposition of the addition to tax for negligence. Benningfield v. Commissioner,supra at 423. In footnotes to our opinions in both Benningfield v. Commissioner,supra, and Page v. Commissioner,T.C. Memo 1984-236, both of which involved the same tax avoidance scheme as in this case, we warned that damages under section 6673 might well be imposed on the Court's own motion in appropriate cases involving brazen tax-avoidance schemes. We find *216 this to be such a case. See Fadden v. Commissioner,T.C. Memo 1984-388. Section 6673 provides: "Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in it's decision. * * *" In each of the cases cited above the same tax-avoidance scheme employed by petitioner in this case was labelled as a "flagrant attempt to assign income earned by the petitioner" to avoid tax. And in United States v. Landsberger,supra, in sustaining an injunction issued against the principal promoter of these double trust devices, the Eighth Circuit noted that the contention that these devices are effective to avoid income tax "is entirely frivolous." Based on his demeanor at trial, we are convinced that petitioner was aware that several courts had denied recognition of this scheme to avoid taxes and that he himself did not believe he was not taxable on the income he earned and ostensibly assigned. Petitioner *217 appeared at trial without counsel. When asked to explain the transactions, he refused to discuss them "on advice of his counsel", Forester. When asked why Forester was not present, the answered "he's in other cases." But, when asked by the Court why he had not employed local counsel, petitioner replied "what do I want to talk to a lawyer for? They're crooked." Petitioner's failure to present any evidence to support his position further convinces us that he prosecuted this proceeding primarily for delay. See Wilkinson v. Commissioner,71 T.C. 633 (1979); Hatfield v. Commissioner,68 T.C. 895, 899 (1977). We award damages to the United States in the amount of $1,000 pursuant to section 6673. Decision will be entered for the respondent, including the damages awarded.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect in 1981.↩
2. This is not entirely clear. Part of Charles' testimony indicated that some of Judy's wages may have been involved in this transaction. However, the documents all refer only to an agreement which Charles. In any event, the possibility that some of Judy's wages were involved would not influence the results we reach.↩
3. It is not clear whether petitioner sent PTSG one check, or a series of checks equal in amount to his periodic paychecks from Stauffer Chemical Co. Petitioner explained that the amount he sent was less than his total wages of $25,881.96 because the agreement was not in effect for the entire year.↩
4. Petitioner testified that PTSG and International Dynamics were "the same organization," and referred to these entities jointly as a "double trust."↩
5. Once again, the record is not completely clear on this point, and it is possible that petitioner endorsed his paychecks to PTSG. However, none of the paychecks were sent from Stauffer to PTSG.↩
6. See also Fadden v. Commissioner,T.C. Memo 1984-388 and Page v. Commissioner,T.C. Memo 1984-236↩, which also involved identical schemes. Petitioner did not file a brief in this case and refused to testify regarding the details of these transactions "on advice of counsel," so we are not entirely cognizant of his reasons for claiming the deduction.